ROBBIN L. ITKIN (SBN 117105)
robbin.itkin@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>     Debtor. | Lead Case No.: 2:17-bk-21386-SK<br><br>Chapter 7<br><br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>     Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br><br>**LIMITED OMNIBUS OBJECTION TO REQUESTS FOR JUDICIAL NOTICE**<br><br><u>Hearing</u> |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br><br>     Plaintiff,<br><br>v.<br><br>YUNTIAN 3 LEASING COMPANY f/k/a Yuntian 3 Leasing Company Limited, *et al*.<br><br>     Defendants. | Date:              <br>Time:     9:00 a.m. (PDT)<br>Place:    Courtroom 1575<br>              255 East Temple Street<br>              Los Angeles, CA 90012<br><br>[Relates to Adv. Docket Nos. 92 and 93] |

Date:                July 22, 2020

Jonathan D. King, solely in his capacity as Chapter 7 Trustee (the "Trustee") of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd., the debtors (the "Debtors" or, collectively, "Zetta") in the above-captioned bankruptcy cases, hereby files this limited omnibus objection to (A) *Request for Judicial Notice in Support of Defendants Universal Leader Limited, Glove Assets Investment Limited, and Truly Great Global Limited's Motion to Dismiss Counts I, II, IV, V, VIII, XIII, XIV, & XV of Adversary Complaint* (the "UL Request")[1] [Docket No. 92] and (B) *Defendants Yuntian 3 Leasing Company Designated Activity Company, Yuntian 4 Leasing Company Designated Activity Company, and Minsheng Business Aviation Limited's Request for Judicial Notice in Support of Defendants' Motion to Dismiss* (the "Yuntian Request" and together with the UL Request the "Requests")[2] [Docket No. 93] and respectfully states as follows:

The Defendants made the Requests in support of the motions to dismiss.[3] The Trustee objects to the Requests on several grounds. First, the Defendants do not adequately identify what they are seeking to have judicially noticed. The Trustee cannot determine, in many instances, if the Defendants are seeking to have the Court merely notice that a document was filed, notice a particular statement from the document, or notice a disputed fact or conclusion drawn from the document. Second, it appears that many Requests seek judicial notice of disputed facts or conclusions allegedly contained within or drawn from public documents, which is improper under Ninth Circuit law. The Trustee objects to these Requests to the extent that they are not merely seeking judicial notice of the existence or filing of the documents themselves. Third, several of the Requests seek judicial notice of irrelevant, non-adjudicative documents and facts, which is again improper under Ninth Circuit law. The Trustee objects to these improper Requests. Finally, a number of Requests are unnecessary because they seek judicial notice of orders entered by this

---

[1] Universal Leader Limited, Glove Assets Investment Limited, and Truly Great Global Limited shall be referred to as the "UL Defendants."

[2] Yuntian 3 Leasing Company Designated Activity Company ("Yuntian 3"), Yuntian 4 Leasing Company Designated Activity Company ("Yuntian 4"), and Minsheng Business Aviation Limited ("Minsheng Business") shall be referred to as the "Yuntian Defendants (and together with the UL Defendants, the "Defendants)."

[3] The UL Defendants' motion to dismiss [Docket No. 45] shall be referred to as the "UL Motion" and their reply in support thereof [Docket No. 64] shall be referred to as the "UL Reply." The motion to dismiss filed by Yuntian 3 and Yuntian 4 [Docket No. 32] shall be referred to as the "Yuntian Motion." The motion to dismiss filed by Minsheng Business [Docket No. 44] shall be referred to as the "Minsheng Motion."

DLA Piper LLP (US)
Los Angeles

EAST\173539632.2

1  Court or the very motions before it in this adversary proceeding.  The Court can consider these

2  documents without taking judicial notice of them.

3  **Legal Standard for Judicial Notice**

4      "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not

5  subject to reasonable dispute.'" *Khoja v. Orexigen Theraputics Inc.*, 899 F.3d 988, 999 (9th Cir.

6  2018) (quoting Fed. R. Evid. 201(b)).  "Adjudicative facts are simply the facts of the particular

7  case[.]"  *Shetty v. Wells Fargo Bank*, 2016 WL 9686987 at *4 (C.D. Cal. Aug. 19, 2016) (quoting

8  Advisory Notes to Fed. R. Evid. 201).  Courts will not take judicial notice of irrelevant, non-

9  adjudicative facts. *See, e.g., Moreau v. Kenner*, 2009 WL 10674116 at * 2 (C.D. Cal. May 14,

10  2009) ("[T]he Court may decline to judicially notice facts that are not relevant to the issues before

11  the Court, and therefore do not require 'adjudication.'"); *Bondarenko v. Wells Fargo Bank, N.A.*,

12  2016 WL 6267927 at *2 (C.D. Cal. Aug. 10, 2016) ("As with evidence generally, the document to

13  be judicially noticed must be relevant to an issue in the case."); *Kohn Law Grp., Inc. v. Jacobs*,

14  2018 WL 6131149 at *2, n. 1 (C.D. Cal. Feb. 16, 2018) (denying request for judicial notice that

15  "presents no adjudicative or relevant facts"); *Molski v. Foley Estates Vineyard & Winery, LLC*,

16  2009 WL 10715116 at * 7 (C.D. Cal. Sept. 25, 2009) (finding that the "Declarations are not

17  adjudicative facts; the statements made within the Declarations relate to the facts of another case"

18  and denying request for judicial notice).

19      "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately

20  and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*,

21  899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)).  Moreover, "[j]ust because [a] document

22  itself is susceptible to judicial notice does not mean that every assertion of fact within that document

23  is judicially noticeable for its truth." *Id*.  Documents are judicially noticeable "only for the purpose

24  of determining what statements are contained therein, not to prove the truth of the contents or any

25  party's assertion of what the contents mean." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975

26  (E.D. Cal. 2004).  For example, the Ninth Circuit has noted that a transcript of a conference call is

27  judicially admissible to show that the conference call occurred on a specific date. *Khoja*, 899 F.3d

28  at 1000.  However, it would be "improper" to judicially notice the substance of the transcript to

DLA PIPER LLP (US)
LOS ANGELES

EAST\173539632.2

1    establish a fact in dispute, because the transcript is "subject to varying interpretations[.]" *Id.*

2    (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).  *See also Baird*

3    *v. BlackRock Inst. Tr. Co. NA*, 403 F. Supp. 3d 765, 774 (N.D. Cal. 2019) ("Accordingly, a court

4    may take 'judicial notice of matters of public record' but 'cannot take judicial notice of disputed

5    facts contained in such public records.'") (quoting *Khoja*, 899 F.3d at 999).

6        The Ninth Circuit has recognized that defendants "face an alluring temptation to pile on

7    numerous documents to their motions to dismiss to undermine the complaint and hopefully dismiss

8    the case at an early stage." *Khoja*, 899 F.3d at 998.  This trend has led the Court to warn about the

9    "overuse and improper application of judicial notice." *Id.*  As set forth herein, granting the Requests

10    would lead to such overuse and improper application of judicial notice.

11                                    **Objection to Requests**

12    **A.    The Trustee Objects to All Requests Because They Do Not Sufficiently Identify
        the Facts Sought to be Judicially Noticed.**

13        The Court should reject the Requests entirely because they fail to sufficiently identify the

14    facts sought to be judicially noticed.  "The Ninth Circuit has clarified that if a court takes judicial

15    notice of a document, it must specify what facts it judicially noticed from the document." *Baird*,

16    403 F. Supp. 3d at 774.  Accordingly, "a proper request for judicial notice includes identification

17    of specific facts the court is requested to notice as true." *Segura v. Felker*, 2010 WL 5313770 at

18    *2, n. 1 (E.D. Cal. Dec. 20, 2010).  Collectively, the Defendants seek judicial recognition of 32

19    documents. *See generally* Requests.  The Defendants seek recognition of all 32 documents in their

20    entirety; they do not identify what specific facts the Court is requested to notice (*i.e.* simply that

21    the documents were filed, or substantive facts and allegations contained within the documents).

22    Accordingly, the Trustee objects to each of the Requests as not sufficiently identifying the fact

23    sought to be judicially noticed.

24    **B.    The Trustee Objects to Requests That Seek Judicial Notice of Non-Adjudicative
        Facts.**

25        The Defendants seek judicial notice of various complaints and one pleading filed by the

26    Trustee in other adversary proceedings.  The Yuntian Defendants even seek judicial notice of an

27    adversary complaint filed in a bankruptcy proceeding in another jurisdiction that has nothing to do

28    with the instant case.

4

These documents do not relate to any facts that need to be adjudicated by this Court. They do not concern this particular adversary proceeding. Taking judicial notice of these documents will not aid the Court in ruling on the Defendants' motions. The Court should not take judicial notice of these non-adjudicative facts and documents. *See, e.g., Moreau*, 2009 WL 10674116 at * 2.

| Document Sought to be Noticed | Defendants Making Request |
|---|---|
| Adversary Complaint filed by the Trustee in Adv. Proc. No. 2:18-ap-01340-SK [Dkt. No. 1] | UL Defendants |
| Adversary Complaint filed by the Trustee in Adv. Proc. No. 2:19-ap-01382-SK [Dkt. No. 1] | UL Defendants |
| Trustee's Opposition to Jetcraft Defendants' Motion to Dismiss filed in Adv. Proc. No. 2:19-ap-01382-SK [Dkt. No. 69] | UL Defendants |
| Adversary Complaint filed in *In re PennySaver USA Publ'g, LLC*, in Case No. 17-50530 (Bankr. D. Del.) | UL Defendants |
| Adversary Complaint filed by the Trustee in Adv. Proc. No. 2:19-ap-01339-SK [Dkt. No. 1] | Yuntian Defendants |
| Adversary Complaint filed by the Trustee in Adv. Proc. No. 2:19-ap-01358 [Dkt. No. 1] | Yuntian Defendants |

**C.    The Trustee Objects to Requests That Seek Judicial Notice of Facts in Dispute.**

Rule 201 of the Federal Rules of Evidence explicitly provides that the Court may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Ninth Circuit has recognized that where a document is "subject to varying interpretations" it is not proper to judicially notice a fact or conclusion drawn therefrom. *Khoja*, 899 F.3d at 1000. Accordingly, documents are not judicially noticeable "to prove the truth of the contents or any party's assertion of what the contents mean." *S. Cal. Edison Co.*, 300 F. Supp. 2d at 975.

Although the Defendants fail to specifically identify what facts they seek to notice, it appears that the Defendants are seeking to judicially notice a disputed fact conclusion drawn from the following documents. Accordingly, the Trustee objects to the following Requests to the extent the Defendants to not simply seek judicial notice of their existence or filing.

DLA Piper LLP (US)
Los Angeles

EAST\173539632.2

| Document Sought to be Noticed | Defendants Making Request | Underlying Disputed Fact or Conclusion Sought to be Noticed |
|---|---|---|
| **Main Bankruptcy Proceeding Documents** | | |
| **Dkt. No. 1:** Voluntary Petition for Non-Individuals Filing for Bankruptcy | Yuntian Defendants | "[T]he unsecured creditors that stand to benefit from the Trustee's claims are *not* . . . new investors . . . but, instead, are comprised of trade creditors, aircraft maintenance providers, and an aircraft manufacturer[.]" Yuntian Motion at 27. |
| **Dkt. No. 537:** Statement Evidencing Right of Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited to Vote at Creditors Meeting Pursuant to Bankruptcy Rule 2003 | Yuntian Defendants | "Yuntian 4 received official cancellation notices from Bombardier for the three Undelivered Aircraft." Yuntian Motion at 34, n. 28. *See also* Yuntian Motion at 9 (same). |
| **Dkt. No. 908:** Chapter 7 Trustee's Notice of Motion and Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004: (1) Authorizing Examination of Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited; and (2) Requiring Production of Documents from Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited; Memorandum of Points and Authorities; Declaration of John K. Lyons | Yuntian Defendants | "[T]he three Undelivered Aircraft were never acquired by any Yuntian or Minsheng Entity (the orders for those planes were canceled by Zetta Singapore), and Plane 12 was leased to a third party." Minsheng Motion at 6. |
| **Claim No. 94:** Proof of Claim filed by Universal Leader<br><br>**Claim No. 95:** Proof of Claim filed by Glove Assets[4] | UL Defendants | "The UL Defendants cumulatively lost over $78 million in the series of transactions with Zetta PTE alleged in the Complaint[.]" UL Motion at 28-29. |

[4] The Trustee does not object to the Defendants' requests for judicial notice of Proof of Claim numbers 94, 95, 150, and 151 to the extent such request is limited solely to the filing in this Court of the claims themselves and not any of the factual or legal allegations therein. The Trustee intends to file his own request for judicial notice of the filing of all proofs of claims filed by the Defendants.

| Claim No. 150: Proof of claim filed by Yuntian 3

Claim No. 151: Proof of Claim filed by Yuntian 4 | Yuntian Defendants | "The Yuntian Entities incurred significant costs to repossess the aircraft and return the aircraft to serviceable condition required by the leasing agreements." Yuntian Motion at p. 9. |
|---|---|---|
| **Documents Previously Filed in this Adversary Proceeding** | | |
| **Dkt. No. 70, Ex. A:** Declaration of Jonathan D. King in Support of Chapter 7 Trustee's Notice of Motion and Motion for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving Settlement Agreement by and between Chapter 7 Trustee and ECN Aviation, Inc. and ECN Capital Corporation | Yuntian Defendants | "[T]he Trustee has admitted that certain of these legal fee payments were not made on behalf of any Yuntian or Minsheng Entity or in connection with the sale and leasing transaction relating to Planes 6, 7, 12, or the Undelivered Aircraft." Minsheng Motion at 6. |

**D.     The Trustee Objects to Requests that Unnecessarily Seek Judicial Notice of Motions and Orders.**

Finally, the Defendants make numerous unnecessary requests for judicial notice of orders entered by the Court and pleadings filed in this case. These requests serve no purpose, other than complicating the record and wasting resources. It is well-established that "the Court need not take judicial notice of its own order to consider its effect." *Lyles v. Ford Motor Credit Co.*, 2013 WL 987723, at * 2 (C.D. Cal. Mar. 11, 2013); *see also West v. Finander*, 2015 WL 4498018, at * 1 (C.D. Cal. July 21, 2015) ("There is no need for the Court to take judicial notice of its own order or of documents that are already judicially known."). Likewise, the Court does not need to take judicial notice of pleadings currently before it. *See, e.g., Audionics Sys., Inc. v. AAMP of Fla., Inc.*, 2014 WL 12580235 at *2 (C.D. Cal. Mar. 24, 2014) ("The court denies this request because it need not take judicial notice of the documents; they are already part of the files and records in the action."); *Williams v. State of California*, 2016 WL 4607738 at *2 (C.D. Cal. July 25, 2016) ("The Judicial Defendants filed a Request for Judicial Notice seeking judicial notice of Plaintiff's Complaint and the Court's own Order. . . The Court denies their request as unnecessary because the Court need not take judicial notice of its own records."). The Court can consider these orders and pleadings without needing to take judicial notice of them.

DLA Piper LLP (US)
Los Angeles

EAST\173539632.2

1    The Yuntian Defendants appear to believe that the Court is required to take judicial notice

2  of every single document cited in their pleadings. The Yuntian Defendants even seek judicial notice

3  of *their own motion to dismiss before the Court*. This is unnecessary and a misuse of judicial notice.

| Document Sought to be Noticed | Defendants Making Request |
|---|---|
| **Main Bankruptcy Proceeding Documents** ||
| **Dkt. No. 120:** Order Granting Debtors' Emergency Motion to Approve Stipulation for Appointment of a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104 | UL Defendants |
| **Dkt. No. 448:** Order Granting the Chapter 11 Trustee's Amended Application to Employ Seabury Corporate Finance LLC and Seabury Securities LLC as Financial Advisor and Investment Banker Pursuant to Sections 327(a) and 328 of the Bankruptcy Code | UL Defendants |
| **Dkt. No. 836:** Order Approving the Stipulation for Rule 2004 Examinations Between the Chapter 7 Trustee and ECN Capital Corp. and ECN Aviation, Inc. (f/k/a Element Aviation, Inc.) | UL Defendants |
| **Dkt. No. 910:** Order Granting the Chapter 7 Trustee's Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004: (1) Authorizing Examination of Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited; and (2) Requiring Production of Documents from Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited | UL Defendants |
| **Dkt. No. 942:** Order Granting the Chapter 7 Trustee's Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004: (1) Authorizing the Trustee to Issue Subpoenas to Bombardier Inc. and Bombardier Aerospace Corporation | UL Defendants |
| **Documents Previously Filed in this Adversary Proceeding** ||
| **Dkt. No. 32:** Defendants Yuntian 3 Leasing Company Limited Designated Activity Company and Yuntian 4 Leasing Company Designated Activity Company's Notice of Motion and Motion to Dismiss Counts II, III, VI, VII, IX, X, XI, XII, and XV of Adversary Complaint | Yuntian Defendants |
| **Dkt. No. 32, Ex. A:** Declaration of Sushil Nair in Support of Yuntian Motion | Yuntian Defendants |
| **Dkt. No. 32, Ex. B:**[5] Declaration of Jeremy John Richmond in Support of Yuntian Motion | Yuntian Defendants |
| **Dkt. No. 33:** Declaration of David S. Torborg in Support of Yuntian Motion. | Yuntian Defendants |

27    For the avoidance of doubt, the Trustee in no way concedes that judicial notice of any of

---

[5] This document is incorrectly identified as Exhibit A in the Yuntian Requests.

DLA PIPER LLP (US)
LOS ANGELES

EAST\173539632.2

1  these documents would be proper even if they were not already on the docket in this Adversary

2  Proceeding.  But it is particularly silly for a party to seek judicial notice of documents that are

3  already before the court, including the very motion that is the subject of the request for judicial

4  notice.

5                                   **CONCLUSION**

6          For the foregoing reasons, the Trustee requests that the Court enter an order denying all

7  Requests and instructing the Defendants to adequately identify the facts that they seek to judicially

8  notice or, in the alternative, enter an order (1) denying all Requests identified in Section B; (2)

9  denying all Requests in Section C, to the extent that the Requests seek judicial notice of disputed

10  facts or conclusions and not simply the filing or existence of the document; and (3) denying all

11  Requests in Section D.

12

13  DATED: May 5, 2020                          **DLA PIPER LLP (US)**

14                                              By: */s/ John K. Lyons*
15                                                  ROBBIN L. ITKIN
                                                    JOHN K. LYONS (*Pro Hac Vice*)
16                                                  JEFFREY S. TOROSIAN (*Pro Hac Vice*)
                                                    JOSEPH A. ROSELIUS (*Pro Hac Vice*)

17                                              Attorneys for the Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

EAST\173539632.2