ROBBIN L. ITKIN (SBN 117105)
robbin.itkin@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King
as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>ZETTA JET USA, INC., a California corporation,<br>　　　Debtor. | Lead Case No.: 2:17-bk-21386-SK<br>Chapter 7<br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br>ZETTA JET PTE, LTD., a Singaporean corporation,<br>　　　Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br>**MOTION TO STRIKE PORTIONS OF EXPORT DEVELOPMENT CANADA'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS IX AND XV OF ADVERSARY COMPLAINT AND DECLARATION OF DYLAN POTTER IN SUPPORT OF SAME** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br>　　　Plaintiff,<br>v.<br>YUNTIAN 3 LEASING COMPANY LIMITED DESIGNATED ACTIVITY COMPANY f/k/a Yuntian 3 Leasing Company Limited, *et al*.<br>　　　Defendants. | Hearing<br>Date: July 22, 2020<br>Time: 9:00 a.m. (PDT)<br>Place: Courtroom 1575<br>　　　255 East Temple Street<br>　　　Los Angeles, CA 90012<br><br>Related to Adv. Docket No. 130 |

EAST\174792875.1

1

Jonathan D. King, solely in his capacity as the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned, jointly administered bankruptcy cases of Zetta Jet USA, Inc. ("Zetta USA") and Zetta Jet PTE, Ltd. ("Zetta PTE" and together with Zetta USA, the "Debtors"), by and through his undersigned counsel, hereby moves to strike portions of the Reply in Support of Motion to Dismiss Counts IX and XV of Adversary Complaint (the "Reply") filed by Export Development Canada ("EDC") [Dkt. No. 130] and the Declaration of Dylan Potter in Support of the Reply (the "Declaration") [Dkt. No. 130-1]. In support thereof, the Trustee states as follows:

**Introduction**

1. In apparent recognition that its Motion to Dismiss Counts IX and XV of Adversary Complaint (the "Motion to Dismiss") [Dkt. No. 88] contains various legal and evidentiary holes, EDC submitted a Reply and Declaration that introduces, for the first time, new legal theories that do not appear in the Motion to Dismiss. Under well-established law in this Circuit, a movant may not present new legal theories in a reply brief, and this Court should strike those portions of the Reply and Declaration that do so.

2. The Declaration is also beyond the scope of a foreign law declaration under Rule 44.1 of the Federal Rules of Civil Procedure ("Rule 44.1"), which here would only allow such a declaration for the limited purpose of aiding the Court in determining whether the leases should be recharacterized under English law. Any part of the Declaration that does not aid the Court in this determination is outside the scope of Rule 44.1 and should be stricken.

3. The paragraphs that exceed the scope of Rule 44.1 are as follows: 1) Paragraphs 11 and 13, which contain numerous statements regarding the aviation industry, which do not aid the Court in this determination (and for which Mr. Potter has not been established as an expert); 2) Paragraphs 5, 16, and 18, which contain a choice-of-law analysis under English law - the Court does not need aid in determining whether English law would enforce the choice-of-law provision because, under well-established Ninth Circuit law, the Court will apply federal law in determining whether to enforce the choice-of-law provisions in the leases; and 3) Paragraph 17, which contains an analysis under the Cape Town Treaty (as defined herein) that is outside the bounds of Rule 44.1 because the Cape Town Treaty is a United States treaty and not foreign law.

4.    In addition, the Declaration contains an unsupported legal conclusion that "the existence now of US bankruptcy proceedings would not affect the parties' choice of law in relation to the Leases." Declaration at ¶ 16. This overly broad legal conclusion goes to a core legal matter the Court must decide: whether the choice-of-law provision in the Plane 12 Master Lease and Plane 12 Sublease will be disregarded as violating a fundamental principle of the Bankruptcy Code. The Court may not consider this legal conclusion and it should be stricken.

5.    Finally, as this Court has previously recognized, when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts generally may not consider allegations outside the complaint. The Reply contains numerous unsupported factual allegations that are not contained within the Adversary Complaint, and the Court should strike these allegations.

**Jurisdiction and Venue**

6.    This Court has jurisdiction over the Debtors' bankruptcy cases, the Debtors' estates, and this matter pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

7.    Venue of the Debtors' bankruptcy cases and proceedings in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.    The basis for the requested relief is 11 U.S.C. § 105(a).

**Background and Procedural History**

9.    The Trustee initiated this adversary proceeding by filing the Adversary Complaint on September 13, 2019. [Dkt. No. 1] By Count IX of the Adversary Complaint, the Trustee is seeking (among other things) avoidance and recovery of a transfer made by Zetta PTE to EDC in the 90 days prior to the Debtors' bankruptcy filing.

10.    EDC filed its Motion to Dismiss on March 17, 2020. [Dkt. No. 88]

11.    The Trustee filed an opposition to EDC's Motion to dismiss on April 30, 2020 (the "Opposition"). [Dkt. No. 121]

12.    EDC filed the Reply and Declaration on May 22, 2020. [Dkt. Nos. 130, 130-1]

13.    The hearing on the Motion to Dismiss is set for July 22, 2020. [Dkt. No. 90]

**Legal Analysis and Argument**

**A.    The Court Should Strike the New Legal Theories in the Reply and Declaration.**

14.    "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000); *see also Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief.") (collecting cases); Local Bankruptcy Rule 9013-1(g)(4) ("New arguments or matters raised for the first time in reply documents will not be considered.").

15.    EDC improperly makes new legal arguments in both the Reply and Declaration. First, EDC argues, as a new argument in its Reply Brief, that the Trustee has not met his burden under the new amendment to 11 U.S.C. § 547(b). Second, EDC argues for the first time that the Convention on International Interests in Mobile Equipment (the "Cape Town Convention") and the Protocol to the Convention in on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment (the "Cape Town Protocol" and together with the Cape Town Convention, the "Cape Town Treaty") mandate the application of English law to the Plane 12 Master Lease. *See* Reply at 10-11. EDC submits the Declaration in support of this new legal theory.[1]

16.    With respect to its new amendment to Section 547(b), EDC offers no explanation for its decision not to assert this argument in any way at the time it filed the Motion to Dismiss. If EDC thought that the Trustee did not satisfy Section 547(b), as amended, it should have raised this argument in its Motion to Dismiss. EDC did not, and cannot raise it now.[2]

---

[1] By the Declaration, EDC also submits proposed expert testimony that English law would not allow recharacterization of the Plane 12 Master Lease. If the Declaration is not stricken, the Trustee intends to move for leave to file a sur-reply to submit an expert declaration that (1) the Cape Town Treaty does not mandate the application of English law and (2) English law would allow recharacterization of the Plane 12 Master Lease and Plane 12 Sublease anyway.

[2] The Trustee notes that, even apart from EDC's failure to raise this argument until its Reply Brief, the argument is specious. As a preliminary matter, the amendment to Section 547(b) was not in effect until months after the Trustee filed the Adversary Complaint. *See* Adversary Complaint [Dkt. No. 1] (filed September 13, 2019); Reply at 3 n.2 (acknowledging that this amendment went into effect in February 2020). However, even if the amendment did apply retroactively, and even if the amendment imposed a new burden on plaintiffs in preference actions to perform due diligence on such a claim, the Trustee met this burden. It is disingenuous for EDC to argue that the Trustee has not performed reasonable due diligence on EDC's purported defenses *after* the Trustee has filed an opposition to EDC's Motion to Dismiss thoroughly analyzing why the Court should reject each of EDC's alleged defenses. *See* Opposition at 1-2, 7-17.

17. Similarly, EDC also offers no explanation for its decision to raise a completely new choice of law argument, based on the Cape Town Convention the Cape Town Treaty, and supported by the Declaration, for the first time in its Reply Brief. It is manifest that EDC's Motion to Dismiss did not make any choice-of-law argument under the Cape Town Treaty.

18. Accordingly, this Court should strike all evidence and argument regarding these new legal theories, as courts in this district routinely do where replies include new legal arguments and evidence not included in the moving papers. *See, e.g.*, *Manfred v. Greenrock*, 2008 WL 11340337, at *1 (C.D. Cal. June 27, 2008) (striking new evidence plaintiff presented for the first time in a reply brief); *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. March 7, 2011) (striking argument because it was raised for the first time in reply brief and thus it was "improper for the Court to consider it"); *Finley v. Harford Life & Accident Ins. Co.*, 249 F.R.D. 329, 333 (N.D. Cal. 2008) (striking reply that raised new issues); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) (striking declaration and exhibits submitted with a reply brief).

**B.    The Declaration Goes Beyond the Scope of a Rule 44.1 Declaration**

19. Under Rule 44.1, a party who raises an issue about a foreign country's law is permitted, with proper notice, to submit a declaration to aid the court in "determining foreign law." Fed. R. Civ. P. 44.1. No other sworn fact or expert testimony is appropriate under Rule 44.1, or under Rule 12(b)(6).

20. The foreign law issue before the Court is narrowly and precisely defined as whether English law would recharacterize the leases as disguised financings. Despite the requirements of Rule 44.1 and 12(b)(6) that only statements on foreign law that aid the Court in this resolving this issue are permitted, the Declaration contains several blatant attempts to introduce expert testimony on the standards and practices in the aviation industry that, impermissibly, go well beyond these requirements.

21. Paragraph 11 impermissibly contains the following assertions:

> In the context of aircraft finance transactions the choice by the parties of a sale and leaseback transaction rather than a secured financing is often a critically important structural aspect and an inducement to enter into the contractual arrangements as a whole. An aircraft may venture to numerous jurisdictions during its life, many of which will not recognise a foreign law mortgage or security interest over that

aircraft but which, almost universally, will recognise an ownership interest in such aircraft. Discounting the ability for parties to take such matters into account when choosing how to structure a transaction would make aircraft financing more costly and cumbersome as creditors may require additional local law security or restrict the jurisdictions to which an aircraft could travel.

22. Likewise, paragraph 13 of the Declaration impermissibly contains the following assertions:

In consequence of the above, sale and leaseback and other finance lease structures are recognised and often used structures under English law, particularly in the context of aviation and other equipment finance. Such transactions will frequently contain a mere nominal value purchase option at the end of the term[.]

23. Neither of these statements are necessary, or even relevant, to the Court's determination of a foreign country's law. Rather, they are attempts to introduce expert testimony on the standards and practices in the aviation industry, remarkably enough, from someone who has not even been established as an expert in the aviation industry. In any event, these statements are well outside the scope of a permissible Rule 44.1 declaration, and thus inappropriate on a motion to dismiss.

24. The Reply and Declaration also exceed Rule 44.1 by arguing (and in the Declaration, seeking to support) a claim that English courts would enforce the choice-of-law provision. *See* Declaration at ¶¶ 5, 15-16, 18. English law rules governing choice of law analyses are not relevant here: it is well-established that "[b]ankruptcy courts apply federal common law choice-of-law rules to determine the enforceability of a contractual choice-of-law provision[.]" *Schoenmann v. Carmel Financing, LLC* (*In re Mayacamas Holdings LLC)*, 608 B.R. 522, 526 (Bankr. N.D. Cal. 2019). Consequently, an expert opinion on how to apply federal common law choice-of-law rules is also irrelevant,[3] as it is unrelated to the sole issue of foreign law before the Court: whether the leases should be recharacterized under English law. These statements go beyond the scope of what is permissible under Rule 44.1.

25. Finally, paragraph 17 of the Declaration contains statements regarding the

---

[3] Applying the correct choice-of-law analysis, the Trustee argued that *U.S. bankruptcy courts* would not enforce the choice-of-law provision in the leases if doing so would contravene fundamental bankruptcy policies. The choice-of-law analysis used by *English courts* does not respond to any argument raised by the Trustee's opposition. This argument should be stricken for this additional reason. *See* Local Bankruptcy Rule 9013-1(g)(1) ("The reply memorandum and declarations or other evidence attached, must respond directly to the opposition documents.").

application of the Cape Town Treaty. The Cape Town Treaty is a treaty that the United States signed. It is not foreign law, and is inappropriate for a Rule 44.1 foreign law declaration.

### C. The Court Should Strike the Legal Conclusion Regarding U.S. Bankruptcy Courts in the Declaration.

26. The Declaration also improperly contains a legal conclusion that "the existence now of US bankruptcy proceedings would not affect the parties' choice of law in relation to the Leases." Declaration at ¶ 16. This improper legal conclusion should be stricken.

27. This legal conclusion should be stricken as it is beyond any appropriate sworn testimony on foreign law under Rule 44.1. Indeed, as a purported legal opinion, this portion of the Declaration is otherwise improper expert testimony in any context, and not simply in the context of a motion to dismiss. "[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal State Univ., Hayward* 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002)) (emphasis in original). It is for this Court to decide whether the Debtors' bankruptcy proceedings will affect the choice-of-law provisions in the Plane 12 Master Lease and Plane 12 Sublease, and Mr. Potter's legal conclusion that the provisions will not be affected (apparently even if applying the selected law would contravene an important bankruptcy policy) is improper.

28. Even if it were somehow appropriate for Mr. Potter to provide a legal opinion here, it should be disregarded where, as here, Mr. Potter has admitted he is only "generally familiar" with recharacterization under the laws of the United States, and has not alleged that he is an expert on bankruptcy law and its effect on such provisions. *See* Declaration at ¶ 8.

### D. The Court Should Strike All Factual Allegations Outside the Adversary Complaint.

29. As this Court has recognized, "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

30. In the Reply, EDC makes the following unsupported factual allegations, that are not supported by any allegation in the Adversary Complaint:

- Only three payments were made under the Lease since inception;
- The payment history shows that most (2 of the 3) payments were made on time; and
- All payments were made by the guarantor by wire transfer.

*See* Reply at 5.[4]

31. As the Court may not consider these facts, they should be stricken.[5]

**Conclusion**

32. EDC improperly introduces new legal theories for the first time on reply, submits a Declaration that contains legal conclusions and goes well beyond the bounds of Rule 44.1, and asks this Court to consider facts outside the Adversary Complaint. EDC's tactics contravene clear Ninth Circuit law and should not be condoned.

WHEREFORE, the Trustee respectfully requests that the Court:

(A) Grant this Motion by entering an order in substantially the same form as that attached hereto as **Exhibit A**; and

(B) Grant such other and further relief as is just an appropriate under the circumstances.

DATED: June 12, 2020

DLA PIPER LLP (US)

By: */s/ John K. Lyons*
ROBBIN L. ITKIN
JOHN K. LYONS (*Pro Hac Vice*)
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
JOSEPH A. ROSELIUS (*Pro Hac Vice*)

Attorneys for the Chapter 7 Trustee

---

[4] These unsupported factual allegations are also made in the Motion to Dismiss. (*See* Motion to Dismiss at 6-7.) To the extent they are stricken from the Reply, they should be stricken from the Motion to Dismiss as well.

[5] While the Court could convert the Motion to Dismiss to a Motion for Summary Judgment, conversion is not appropriate here because EDC did not file any declarations in support of its numerous factual allegations. *See generally* Fed. R. Civ. P. 56(e) (facts in support of summary judgment must be in a form admissible as evidence). Accordingly, conversion would be futile.