ROBBIN L. ITKIN (SBN 117105)
robbin.itkin@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>    Debtor. | Lead Case No.: 2:17-bk-21386-SK<br><br>Chapter 7<br><br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>    Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br><br>**REPLY IN SUPPORT OF TRUSTEE'S MOTION TO STRIKE PORTIONS OF EXPORT DEVELOPMENT CANADA'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS IX AND XV OF ADVERSARY COMPLAINT AND DECLARATION OF DYLAN POTTER IN SUPPORT OF SAME** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br><br>    Plaintiff,<br><br>v.<br><br>YUNTIAN 3 LEASING COMPANY f/k/a Yuntian 3 Leasing Company Limited, *et al*.<br><br>    Defendants. | Hearing:<br>Date:  July 22, 2020<br>Time:  9:00 a.m. (PDT)<br>Courtroom:  1575<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

Jonathan D. King, solely in his capacity as the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned, jointly administered bankruptcy cases of Zetta Jet USA, Inc. ("Zetta USA") and Zetta Jet PTE, Ltd. ("Zetta PTE" and together with Zetta USA, the "Debtors"), by and through his undersigned counsel, hereby submits this reply (the "Reply") to *Defendant Export Development Canada's Response in Opposition to Motion to Strike Portions of Export Development Canada's Reply in Support of Motion to Dismiss Counts IX and XV of Adversary Complaint and Declaration of Dylan Potter in Support of Same* [Dkt. No. 163] (the "Response") filed by defendant Export Development Canada ("EDC").

**Background and Procedural History**

1. The Trustee initiated this adversary proceeding by filing the Adversary Complaint on September 13, 2019 [Dkt. No. 1]. By Count IX of the Adversary Complaint, the Trustee seeks (among other things) avoidance and recovery of a transfer made by Zetta PTE to EDC in the 90 days prior to the Debtors' bankruptcy filing.

2. EDC filed its Motion to Dismiss Counts IX and XV of Adversary Complaint (the "Motion to Dismiss") [Dkt. No. 88] on March 17, 2020.

3. The Trustee filed his opposition to EDC's Motion to Dismiss on April 30, 2020 [Dkt. No. 121] (the "Opposition").

4. On May 22, 2020, EDC filed the *Reply in Support of Motion to Dismiss Counts IX and XV of Adversary Complaint* [Dkt. No. 130] and the *Declaration of Dylan Potter in Support of the Reply* (the "Declaration") [Dkt. No. 130-1].

5. On June 12, 2020, the Trustee filed the *Motion to Strike Portions of Export Development Canada's Reply in Support of Motion to Dismiss Counts IX and XV of Adversary Complaint and Declaration of Dylan Potter in Support of Same* [Dkt. No. 141] (the "Motion to Strike").

6. On July 14, 2020, the Trustee, having received no timely opposition to the Motion to Strike, filed a *Certificate of No Objection* [Dkt. No. 152].

7. On July 15, 2020, EDC filed a (i) *Motion for Leave to File Response in Opposition to Motion to Strike Portions of Export Development Canada's Reply in Support of Motion to*

2

*Dismiss Counts IX and XV of Adversary Complaint and Declaration of Dylan Potter in Support of Same*; (ii) *Application for Order Setting Hearing on Shortened Notice*; and (iii) *Declaration of Michael J. Edelman* (the "Motion for Leave").

8. On July 16, 2020, the Court entered an Order granting the Motion for Leave [Dkt. No. 161], which allowed EDC to file its Response and further allows the Trustee to file this Reply.

9. The hearing on the Motion to Dismiss is set for July 22, 2020 [Dkt. No. 90].

**Argument**

10. The Trustee opposes EDC's late-filed Response to his Motion to Strike on the following grounds: (1) all of the matters the Trustee seeks to strike were never raised in the Motion to Dismiss and, thus, cannot be raised for the first time in the Reply and (2) the new grounds deal with possible defenses that EDC has asserted which are irrelevant to whether the Trustee has sufficiently pleaded the elements of his preference cause of action.

11. First, EDC's reliance on the new amendment to Section 547(b) that imposes an obligation upon a trustee to examine potential defenses is, by its own admission, not applicable since the amendment became effective after the Trustee filed his Adversary Complaint. Moreover, the dozens of pages that parties have dedicated to addressing whether EDC has any defenses to the Adversary Complaint – which raise disputed factual and legal issues regarding applicability of the defenses – belie EDC's suggestion that the Trustee had no basis to file the complaint.

12. Second, EDC's bare reference to a statement that "English law governs the Head Lead Lease and the Zetta PTE Guarantee" in its Motion to Dismiss falls far short of the Ninth Circuit's directive that a party must do more than just make a bare reference to a choice of law provision if it intends to displace the law of the forum. As the Ninth Circuit noted in *Interpool Limited v. Char Yigh Marine (Panama)*, 890 F.2d 1453, 1458 (9th Cir. 1989):

> First we must decide which country's law to apply. Char Yigh argues that the charter party's choice of Hong Kong law should be determinative. However, neither party has offered any evidence of foreign law or how it should apply to the transaction. Where no authority, or insufficient authority, is presented by the parties about foreign law, a court may conclude that the parties have acquiesced in the application of the law of the forum. *Commercial Insurance Co. of Newark v. Pacific Peru Construction Corp*, 558 F.2d 948, 952 (9th

Cir. 1977). Accordingly, we apply American law.[1]

*Id.* at 1458.

13.  Here, in its Motion to Dismiss, EDC made only a bare reference that English law applies. It failed to offer any evidence of English law or how it should apply to transaction, nor did it explain how the application of English law differs from federal common law or law of the forum. Instead, EDC waited until its reply to proffer for the first time a declaration to provide these details and also opine on U.S. law and the Cape Town Convention and Protocol, neither of which were raised in the motion.

14.  Accordingly, the Trustee respectfully requests that the Court strike these new matters which were not raised in the Motion to Dismiss. EDC could have squarely raised these new matters in its Motion to Dismiss but did not. Its attempt to do so in its Response should be rejected.

15.  Moreover, questions regarding whether English law applies or the ramifications of the Cape Town Convention and Protocol are premature in any event, since these issues are only relevant to EDC's new value defense and not the Trustee's initial pleading requirements. There is no prejudice to EDC by granting the Motion to Strike. EDC is free to raise these arguments in the adversary cases in the context of assessing whether EDC's new value defense has any merit.

16.  In any event, the Trustee believes EDC's new value defense is entirely without merit, and nothing in its submissions or reliance on the Cape Town Convention and Protocol will change this result. The Trustee will fully address EDC's new arguments at the appropriate time per the direction of the Court.[2]

## **Conclusion**

The Trustee respectfully requests that the Court grant the Motion to Strike and such other and further relief as the Court deems proper.

---

[1] The *Interpool* court then proceeded to apply the California Commercial Code to hold that the lease in question – requiring payments over the lease term equal to the purchase price and a mandatory purchase requirement – constituted a disguised financing and not a true lease.

[2] If the Court determines that the new matters sought to be stricken are relevant to the pending Motion to Dismiss, the Trustee requests that the Court adjourn the hearing on the Motion to Dismiss to allow the Trustee to submit a supplemental response addressing the merits of the new matters raised in the reply to the Motion to Dismiss. EDC has indicated it will not oppose the Trustee's motion for leave to file a sur-response.

|  |  |
|---|---|
| DATED: July 20, 2020 | DLA PIPER LLP (US)<br><br>By: /s/ John K. Lyons<br>    ROBBIN L. ITKIN<br>    JOHN K. LYONS (*Pro Hac Vice*)<br>    JEFFREY S. TOROSIAN (*Pro Hac Vice*)<br>    JOSEPH A. ROSELIUS (*Pro Hac Vice*)<br><br>Attorneys for the Chapter 7 Trustee |