DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3412
Fax: (310) 595-3312

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>Debtor. | Lead Case No.: 2:17-bk-21386-SK<br><br>Chapter 7<br><br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br><br>**LIMITED OBJECTION TO REQUESTS FOR JUDICIAL NOTICE** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br><br>Plaintiff,<br><br>v.<br><br>YUNTIAN 3 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 3 LEASING COMPANY LIMITED, YUNTIAN 4 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 4 LEASING COMPANY LIMITED, MINSHENG FINANCIAL LEASING CO., LTD., MINSHENG BUSINESS AVIATION LIMITED, EXPORT DEVELOPMENT CANADA, LI QI, UNIVERSAL LEADER | Next Hearing:<br>Date:    August 11, 2021<br>Time:    9:00 a.m. (PDT)<br>Place:    Courtroom 1575<br>            255 East Temple Street<br>            Los Angeles, CA 90012<br><br>[Relates to Adv. Docket No. 240] |

| | |
|---|---|
| 1 | INVESTMENT LIMITED, GLOVE ASSETS INVESTMENT LIMITED, and TRULY GREAT GLOBAL LIMITED, |
| 2 | |
| 3 | WELLS FARGO BANK NORTHWEST, N.A., in its capacity as trustee to Yuntian 3 Trust dated September 20, 2016 (formed and administered in Utah) and its capacity as trustee of Yuntian 4 Trust dated September 20, 2016 (formed and administered in Utah); TVPX ARS, INC., in its capacity as trustee to Zetta MSN 9688 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), Zetta MSN 9606 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), collectively Nominal Defendants, |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| | Defendants. |

Jonathan D. King, solely in his capacity as Chapter 7 Trustee (the "Trustee") of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd., the debtors (the "Debtors" or, collectively, "Zetta") in the above-captioned bankruptcy cases, hereby files this limited objection to the *Request for Judicial Notice in Support of Defendant Li Qi's Motion to Dismiss Counts I, II, VII, VIII, AND IX of Amended Adversary Complaint and Universal Leader Limited, Glove Assets Investment Limited, and Truly Great Global Limited's Motion to Dismiss Counts I, II, VI, VII, VIII, IX & X AND Motion to Strike Counts VIII & IX of Amended Adversary Complaint* (the "Requests") [Docket No. 240] and respectfully states as follows:

The Defendants made the Requests in support of the motions to dismiss.[1] The Trustee objects to the Requests on several grounds. First, the Defendants do not adequately identify what they are seeking to have judicially noticed. The Trustee cannot determine, in many instances, if the Defendants are seeking to have the Court merely notice that a document was filed, notice a particular statement from the document, or notice a disputed fact or conclusion drawn from the document. Second, it appears that many Requests seek judicial notice of disputed facts or conclusions allegedly contained within or drawn from public documents, which is improper under Ninth Circuit law. The Trustee objects to these Requests to the extent that they are not merely seeking judicial notice of the existence or filing of the documents themselves. Third, several of the Requests seek judicial notice of irrelevant, non-adjudicative documents and facts, which is again improper under Ninth Circuit law. The Trustee objects to these improper Requests. Fourth, the Defendants have not properly authenticated the list of correspondent banks, and the Trustee objects to this Request. Finally, a number of Requests are unnecessary because they seek judicial notice of orders entered by this Court or the very motions before it in this adversary proceeding. The Court can consider these documents without taking judicial notice of them.

## Legal Standard for Judicial Notice

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Theraputics Inc.*, 899 F.3d 988, 999 (9th Cir.

---

[1] Universal Leader Limited, Glove Assets Investment Limited, and Truly Great Global Limited shall be referred to as the "UL Defendants." The UL Defendants' motion to dismiss [Docket No. 238] shall be referred to as the "UL Motion." The motion to dismiss filed by Li Qi ("Li") [Docket No. 239] shall be referred to as the "Li Qi Motion."

2018) (quoting Fed. R. Evid. 201(b)). "Adjudicative facts are simply the facts of the particular case[.]" *Shetty v. Wells Fargo Bank*, 2016 WL 9686987 at *4 (C.D. Cal. Aug. 19, 2016) (quoting Advisory Notes to Fed. R. Evid. 201). Courts will not take judicial notice of irrelevant, non-adjudicative facts. *See, e.g., Moreau v. Kenner*, 2009 WL 10674116 at * 2 (C.D. Cal. May 14, 2009) ("[T]he Court may decline to judicially notice facts that are not relevant to the issues before the Court, and therefore do not require 'adjudication.'"); *Bondarenko v. Wells Fargo Bank, N.A.*, 2016 WL 6267927 at *2 (C.D. Cal. Aug. 10, 2016) ("As with evidence generally, the document to be judicially noticed must be relevant to an issue in the case."); *Kohn Law Grp., Inc. v. Jacobs*, 2018 WL 6131149 at *2, n. 1 (C.D. Cal. Feb. 16, 2018) (denying request for judicial notice that "presents no adjudicative or relevant facts"); *Molski v. Foley Estates Vineyard & Winery, LLC*, 2009 WL 10715116 at * 7 (C.D. Cal. Sept. 25, 2009) (finding that the "Declarations are not adjudicative facts; the statements made within the Declarations relate to the facts of another case" and denying request for judicial notice).

"A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)). Moreover, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. Documents are judicially noticeable "only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004). For example, the Ninth Circuit has noted that a transcript of a conference call is judicially admissible to show that the conference call occurred on a specific date. *Khoja*, 899 F.3d at 999-1000. However, it would be "improper" to judicially notice the substance of the transcript to establish a fact in dispute, because the transcript is "subject to varying interpretations[.]" *Id*. at 1000. (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). *See also Baird v. BlackRock Inst. Tr. Co. NA*, 403 F. Supp. 3d 765, 774 (N.D. Cal. 2019) ("Accordingly, a court may take 'judicial notice of matters of public record' but 'cannot take judicial notice of disputed facts contained in such public records.'") (quoting *Khoja*, 899 F.3d at 999).

The Ninth Circuit has recognized that defendants "face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja*, 899 F.3d at 998. This trend has led the Court to warn about the "overuse and improper application of judicial notice." *Id*. As set forth herein, granting the Requests would lead to such overuse and improper application of judicial notice.

### Objection to Requests

**A. The Trustee objects to all Requests because they do not sufficiently identify the facts sought to be judicially noticed.**

The Court should reject the Requests entirely because they fail to sufficiently identify the facts sought to be judicially noticed. "The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document." *Baird*, 403 F. Supp. 3d at 774. Accordingly, "a proper request for judicial notice includes identification of specific facts the court is requested to notice as true." *Segura v. Felker*, 2010 WL 5313770 at *1, n.1 (E.D. Cal. Dec. 20, 2010). The Defendants seek judicial recognition of 29 documents. *See generally* Requests. Defendants seem to seek recognition of all 29 documents in their entirety. To be sure, there are some references to certain sections of the documents; however, Defendants exhibits contain the entire documents, and Defendants do not clarify whether those are the only sections for which they seek judicial notice. Moreover, Defendants have not identified specific sections for several of the documents, and even if they had, the sections and pages do not identify the specific facts for which Defendants seek judicial notice. Accordingly, the Trustee objects to each of the Requests as not sufficiently identifying the fact sought to be judicially noticed.

**B. The Trustee objects to Requests that seek judicial notice of non-adjudicative facts.**

The Defendants seek judicial notice of various documents from other adversary pleadings, including a pleading filed by the Trustee, a memorandum of decision, an order, and a transcript of a hearing. They also seek judicial notice of two judgments from the Republic of Singapore. The defendants also request judicial notice of a plaintiff's memorandum of law filed in a California state court proceeding.

These documents do not relate to any facts that need to be adjudicated by this Court. They do not concern this particular adversary proceeding. Taking judicial notice of these documents will not aid the Court in ruling on the Defendants' motions. The Court should not take judicial notice of these non-adjudicative facts and documents. *See, e.g., Moreau*, 2009 WL 10674116 at * 2.

| Document Sought to be Noticed | Defendants Citing Requested Document |
|---|---|
| Courts Memorandum of Decision on Motion to Dismiss Counts I, III, IV, V, VI, and VII of the Trustees Adversary Complaint filed in Adv. Proc. No. 2:19-ap-01147-SK [Dkt. No. 168] | UL Defendants |
| Order Denying Motion to Consolidate Related Adversary Cases filed in Adv. Proc. No. 2:19-ap-01147-SK [Dkt. No. 236] | UL Defendants |
| Transcript Regarding Hearing Held 03/31/21 filed in Adv. Proc. No. 2:19-ap-01147-SK [Dkt. No. 237] | UL Defendants |
| Trustee's Opposition to Jetcraft Defendants' Motion to Dismiss filed in Adv. Proc. No. 2:19-ap-01382-SK [Dkt. No. 69] | UL Defendants |
| Judgement (Partial Recognition), [2018] SGHC 16 (Jan. 24, 2018) filed in *Re: Zetta Jet Pte Ltd. and others*, In the High Court of the Republic of Singapore, Originating Summons No 1391 of 2017 | Li |
| [Judgment (Recognition), [2019] SGHC 53 (March 4, 2019)] filed in *Re: Zetta Jet Pte Ltd. and others*, In the High Court of the Republic of Singapore, Originating Summons No 1391 of 2017 | Li |
| Excerpts from Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants James Seagrim and S. Matthew Walter's Motion for an Order Requiring an Undertaking and Staying the Action filed in *Truly Great Global Ltd. v. Seagrim et. al.*, BC694919 (Cal. Super. Ct. Jan. 17, 2018) | Li |

**C. The Trustee objects to Requests that seek judicial notice of facts in dispute.**

Rule 201 of the Federal Rules of Evidence explicitly provides that the Court may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Ninth Circuit has recognized that where a document is "subject to varying interpretations" it is not proper to judicially notice a fact or conclusion drawn therefrom. *Khoja*, 899 F.3d at 1000. Accordingly, documents are not judicially noticeable "to prove the truth of the contents or any party's assertion of what the contents mean." *S. Cal. Edison Co.*, 300 F. Supp. 2d

at 975. This Court has previously agreed with the Trustee that it is improper to take judicial notice of disputed facts stated or alleged in court filings. [Dkt. No. 174 at 4-5.] While the Court can take notice of the fact that the documents were filed, it "cannot take judicial notice of any of the facts stated or alleged in those documents." [*Id.*]

Although the Defendants fail to specifically identify what facts they seek to notice, it appears that the Defendants are seeking to judicially notice disputed facts and legal conclusions drawn from the following documents. Accordingly, the Trustee objects to the following Requests to the extent the Defendants do not simply seek judicial notice of their existence or filing. To be sure, however, if the Court takes judicial notice of the truth of *some* allegations in the original and Amended Adversary Complaints and other documents, then the Court should accept as true *all* allegations in those documents rather than allow the Defendants to pick and choose which facts they want to dispute. That is of course the proper standard for a motion to dismiss.

| Document Sought to be Noticed | Defendants Citing Requested Document | Underlying Disputed Fact or Conclusion Sought to be Noticed |
|---|---|---|
| **Main Bankruptcy Proceeding Documents** |||
| **Claim No. 95:** Proof of Claim filed by Glove Assets[2] | UL Defendants | "Accordingly, to facilitate and in conjunction with the transaction, which resulted in substantial cash and other material benefits to Zetta PTE, the parties contemporaneously entered into a 'Clarification' under which outstanding payment obligations were confirmed as obligations of Zetta PTE, in the form of an unsecured note. Dkt. 232 ¶¶ 264, 265. This is the basis of Glove's $43 million proof of claim." UL Motion at 5. |

---

[2] The Trustee does not object to the Defendants' requests for judicial notice of Proof of Claim number 95 to the extent such request is limited solely to the filing in this Court of the claims themselves and not any of the factual or legal allegations therein. The Trustee has previously sought judicial notice of the filing of proofs of claims by the Defendants.

| | | |
|---|---|---|
| **Dkt. No. 26:** Debtors' Emergency Motion for Entry of an order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers | UL Defendants | "The sale of block hours is not an indication of fraud; to the contrary, block hours are a standard and routine way to purchase air charter services. *See* Aircraft Charter Consumer Guide at 5,7, National Business Aviation Association, https://nbaa.org/flight-department-administration/aircraft-operating-ownership-options/aircraft-charter/aircraft-charter-consumer-guide/ (last visited May 7, 2021).[3] Indeed, the Debtors filed a motion seeking authority to honor prepetition block hour arrangements, which the Trustee supported and the Court approved, with certain modifications." UL Motion at 17 n.8. |
| **Dkt No. 138:** Transcript of Proceedings Debtor's Emergency Motion to Approve Stipulation for Appointment of a Chapter 11 Trustee and Debtors Emergency Motion for Entry of an Order Authorizing Debtors to Honor Pre-Petition Obligations to Critical Vendors | Li | "In fact, less than two weeks after the Singapore Injunction issued, this Court ruled that '[t]he injunction doesn't have any language that appears to impact or address this Court's ability to continue adjudicating these matters, or any language that indicates the Singapore court was seeking to impact the Court's ability to rule in these cases.'" Li Motion at 8-9, 29. |
| **Dkt. No. 294:** Final Order Granting Debtors' Emergency Motion for an Order Authorizing Debtors to Honor Pre-Petition Obligations to Customers as Modified by Agreement of the Trustee and Committee | UL Defendants | "The sale of block hours is not an indication of fraud; to the contrary, block hours are a standard and routine way to purchase air charter services. *See* Aircraft Charter Consumer Guide at 5,7, National Business Aviation Association, https://nbaa.org/flight-department-administration/aircraft-operating-ownership-options/aircraft-charter/aircraft-charter-consumer-guide/ (last visited May 7, 2021).[4] Indeed, the Debtors filed a motion seeking authority to honor prepetition block hour arrangements, which the Trustee supported and the Court approved, with certain modifications." UL Motion at 17 n.8. |

---

[3] The Defendants did not seek judicial notice of this document from outside the Amended Adversary Complaint, nor is it incorporated by reference in the Amended Adversary Complaint, so the Court should strike it and not consider it.

[4] The Defendants did not seek judicial notice of this document from outside the Amended Adversary Complaint, nor is it incorporated by reference in the Amended Adversary Complaint, so the Court should strike it and not consider it.

| | | |
|---|---|---|
| **Dkt. No. 381:** Chapter 11 Trustee's Emergency Motion for Interim and Final Orders Memorandum of Points and Authorities; Declaration of Jonathan D. King | UL Defendants | "The Trustee believed there was a viable business when he sought approval for debtor-in-possession financing, stating 'that with the benefit of the liquidity from the Postpetition Financing Facility, the Debtors will be able to operate on a cash flow positive basis.'" UL Motion at 16-17. |
| **Documents Previously Filed in this Adversary Proceeding** | | |
| **Dkt. No. 1:** Adversary Complaint | Li and the UL Defendants | "Over the next year, Zetta PTE paid approximately $2.3 million in interest on the loans in accordance with the agreements." UL Motion at 4. |
| **Dkt. No. 1-4:** Schedule D | UL Defendants | "Over the next year, Zetta PTE paid approximately $2.3 million in interest on the loans in accordance with the agreements." UL Motion at 4. |
| **Dkt. No. 45-7:** Declaration of Brian Condon in Support of UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV Exhibit G | UL Defendants | "The document states that '[t]he Company [Zetta Jet PTE] hereby covenants with the Lender [UL] that the Company will repay the Indebtedness in the manner and at the times as set out in Schedule I herein,' . . . contains provisions for the payment of interest, maturity dates, . . . acceleration, and that the delay in the exercise of any right does not constitute a partial or full waiver of such right." UL Motion at 33 (citations omitted). |
| Full Copy of Confirmatory Deed of Loan, Previously filed in Excerpted form in **Dkt. No. 45:** Declaration of Brian Condon in Support of UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV | UL Defendants | "The document states that '[t]he Company [Zetta Jet PTE] hereby covenants with the Lender [UL] that the Company will repay the Indebtedness in the manner and at the times as set out in Schedule I herein,' . . . contains provisions for the payment of interest, maturity dates, . . . acceleration, and that the delay in the exercise of any right does not constitute a partial or full waiver of such right." UL Motion at 33 (citations omitted). |
| **Dkt. No. 45-7:** Declaration of Brian Condon in Support of UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV at ¶¶ 7-8 | UL Defendants | "The document states that '[t]he Company [Zetta Jet PTE] hereby covenants with the Lender [UL] that the Company will repay the Indebtedness in the manner and at the times as set out in Schedule I herein,' . . . contains provisions for the payment of interest, maturity dates, . . . acceleration, and that the delay in the exercise of any right does not constitute a partial or full waiver of such right." UL Motion at 33 (citations omitted). |

| | | |
|---|---|---|
| **Dkt. No. 53-1:** Trustees Combined Opposition to Motions to Dismiss Adversary Complaint | UL Defendants | "He repeatedly argued on the motion to dismiss the original Complaint that his claims could be saved if the Court looked to the 'obligations incurred.'" UL Motion at 9. |
| **Dkt. No. 62-2:** Declaration of Harprabdeep Sing | UL Defendants | "As set forth in the Declaration of Harprabdeep Singh, . . . recharacterization is not an available remedy." UL Motion at 33. |
| **Dkt. No. 62-3:** Declaration of Daniel Chan | UL Defendants | "Singapore courts do not recharacterize lease agreements as a secured financing arrangements [*sic*] where the parties, by the terms of the contract, had agreed to a lease." UL Motion at 24. |
| **Dkt. No. 100:** Opposition to Trustee's Motion for Alternative Service on Defendants | Li | "Over the objection of Arnold & Porter that the Trustee should serve Li Qi using the established Hague Convention process rather than serving Arnold & Porter as his counsel or serving him by email, the Court authorized the Trustee to serve Li Qi by email to Li Qi and by email and FedEx to Arnold & Porter." Li Motion at 34 (citations omitted). |
| **Dkt. No. 101:** Request for Judicial Notice in Support of Opposition to Trustee's Motion for Alternative Service on Defendants | Li | "Over the objection of Arnold & Porter that the Trustee should serve Li Qi using the established Hague Convention process rather than serving Arnold & Porter as his counsel or serving him by email, the Court authorized the Trustee to serve Li Qi by email to Li Qi and by email and FedEx to Arnold & Porter." Li Motion at 34 (citations omitted). |
| **Dkt. No. 139:** Order on Motion for Alternative Service on Defendants Li Qi and Minsheng Financial Leasing Co., Ltd. Under Fed. R. Civ. P. 4(f)(3) | Li | "Over the objection of Arnold & Porter that the Trustee should serve Li Qi using the established Hague Convention process rather than serving Arnold & Porter as his counsel or serving him by email, the Court authorized the Trustee to serve Li Qi by email to Li Qi and by email and FedEx to Arnold & Porter." Li Motion at 34 (citations omitted). |
| **Dkt. No. 169:** Transcript of Hearing re Export Canada, Yuntian, Minsheng, and UL Defendants Motions to Dismiss July 22, 2020 | UL Defendants | "The Trustee's argument based on 'obligations' rather than 'transfers' is not new. He repeatedly argued on the motion to dismiss the original Complaint that his claims could be saved if the Court looked to the 'obligations incurred.' . . . RJN Ex. 20 at 84 ('They say transfer, but I think it's important to understand, your Honor, 548 doesn't just speak in terms of avoidance of transfers.')" UL Motion at 9. |

8

DLA Piper LLP (US)
Los Angeles

| | | |
|---|---|---|
| **Dkt. No. 174:** Memorandum of Decision on UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, and XV of Adversary Complaint | Li and the UL Defendants | "The Court already considered the same payment instructions on which the Amended Complaint relies to conclude that the transfers were made for the credit of UL's account in Hong Kong despite being routed through HSBC's intermediary account in New York." Li Motion at 14 n.4. <br><br> "Furthermore, this Court has previously held that the avoidance claims in this case are impermissibly extraterritorial." *Id.* at 23. <br><br> "But the Court already decided both that § 548 does not have extraterritorial scope, and the 2016 transactions that are the subject of Counts VIII and IX are foreign." UL Motion at 14 <br><br> "The Third Loan is governed by Hong Kong law." *Id.* at 32 |
| **Dkt. No. 175:** Memorandum of Decision on Yuntian 3 Motion to Dismiss Counts II, III, VI, VII, IX, X, XI, XII, and XV of Adversary Complaint | UL Defendants | "In arguing that the 'transfers' alleged in his original Complaint were domestic, the Trustee contended that 'the test for whether the relevant conduct was extraterritorial is 'flexible' and allows courts to consider all components of the transfers, including whether the participants, acts, targets, and effects involved in the transactions are primarily foreign or primarily domestic.'" UL Motion at 6. |
| **Dkt. No. 188:** Order on UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV of Adversary Complaint | UL Defendants | "These new counts exceed the scope of leave to amend granted in the Court's Order dismissing the Trustee's original Complaint . . . stat[ing] that the UL Defendants' 'Motion [to Dismiss] is GRANTED regarding Counts I, II, IV, V, VIII, XIII and XV, which are dismissed with leave to amend.'" UL Motion at 34. |

**D. The Trustee objects to the Request to take judicial notice of the list of correspondent banks.**

Defendants' request to take judicial notice of the list of correspondent banks is improper because, despite Defendants claims to the contrary, its accuracy can be reasonably questioned. "If the authenticity of a document is not established, the Court cannot conclude that its accuracy cannot reasonably be questioned because it *is* being questioned." *Lawson v. Reynolds Indus.*, 2005 WL 8165610, at *2 (C.D. Cal. Feb. 4, 2005) (original emphasis). Even when it is not suggested that documents are forgeries, it is proper for a court to decline to take judicial notice of a document that has not been properly authenticated. *Id.* at *3. *See also Madeja v. Olympic Packers, LLC*, 310 F.3d

DLA PIPER LLP (US)
LOS ANGELES

628, 639 (9th Cir. 2002) (affirming district court's refusal to take judicial notice of bankruptcy proceedings because the documents were not authenticated). Courts routinely refuse to take judicial notice of documents that are not authenticated. *Lawson*, 2005 WL 8165610, at *3; *Madeja*, 310 F.3d at 639; *Perkins v. Kaiser Found. Health Plan, Inc.*, 2010 WL 11509237, at *6 (C.D. Cal. Mar. 3, 2010); *Murray v. Parsons*, 2020 WL 5099405, at *4-5 (C.D. Cal. July 27, 2020), *R. & R. adopted sub nom. Murray v. City of Fountain Valley Police Sgt. Mike Parsons*, 2020 WL 5097153 (C.D. Cal. Aug. 27, 2020).

It is also not clear that Defendants have provided a list of correspondent banks from the appropriate time period. The list of correspondent banks is stamped with a date of January 2016. [Requests at Ex. 28.] The payments at issue happened after January 2016. [Dkt. No. 232 Schedules A-D.] A court can properly deny a request for judicial notice of a fact that "is of questionable relevance to the time period alleged" in the complaint. *U.S. v. Woody's Trucking, LLC*, 2018 WL 1997306, at *2 (D. Mont. Apr. 27, 2018); *see also United States v. Cohen,* 2012 WL 505918, at *10-11 (C.D. Ill. Feb. 15, 2012) (denying judicial notice where the agreement sought to be noticed did not cover the relevant time period). Thus, even if the list of correspondent banks were properly authenticated, it would still not be proper for judicial notice because it is not clear that it is from the relevant time period.

Finally, this document is sent from a private party to a private party. It is not a part of the public record. "Courts may take judicial notice of document that are matters of public record or are quasi-public documents," but not documents sent to private parties. *Morrow v. City of San Diego*, 2012 WL 4447624, at *2 n.1 (S.D. Cal. Sept. 25, 2012); *see also Gooden v. Suntrust Mortg., Inc.*, 2012 WL 996513, at *3 (E.D. Cal. Mar. 23, 2012) ("Items C and D are not proper subjects of judicial notice because they appear to be prepared and certified by a private entity . . . and are not matters of public record"); *Nugent v. Fed. Home Loan Mortg. Corp.*, 2013 WL 1326425, at *3 n.2 (E.D. Cal. Mar. 29, 2013) (denying a bank's request to take judicial notice of a private letter it sent because it was not "available to the public"). Defendants' citation to a case taking judicial notice of SWIFT documents is inapposite because the documents were "publicly available" from the SWIFT website. *MAM Apparel & Textiles Ltd. v. NCL Worldwide Logistics USA, Inc.*, 2020 WL

4336362, at *4 n.4 (E.D.N.Y. July 28, 2020). Here, Defendants do not identify anywhere this document is publicly available. Instead, it "is a document provided by HSBC," a private bank, to its customers. [Requests at 8.]

The Defendants do not even attempt to authenticate the list of correspondent banks, nor is it clear that the list is from the relevant time period. This is neither a public record nor a publicly available document. Without proper authentication, its accuracy can be reasonably questioned. Without supplying the list from the time period covering the alleged payments, the document lacks relevance. This is an unauthenticated, private record, and it is not clear that it is from the relevant time period. Accordingly, the Trustee objects to the request for judicial notice of the list of correspondent banks.

**E. The Trustee objects to Requests that unnecessarily seek judicial notice of pleadings, motions, and orders before this Court.**

Finally, the Defendants make numerous unnecessary requests for judicial notice of orders entered by the Court and pleadings filed in this case. These requests serve no purpose, other than complicating the record and wasting resources. It is well-established that "the Court need not take judicial notice of its own order to consider its effect." *Lyles v. Ford Motor Credit Co.*, 2013 WL 987723, at * 2 (C.D. Cal. Mar. 11, 2013); *see also West v. Finander*, 2015 WL 4498018, at * 1 (C.D. Cal. July 21, 2015) ("There is no need for the Court to take judicial notice of its own order or of documents that are already judicially known."). Likewise, the Court does not need to take judicial notice of pleadings currently before it. *See, e.g., Audionics Sys., Inc. v. AAMP of Fla., Inc.*, 2014 WL 12580235 at *2 (C.D. Cal. Mar. 24, 2014) ("The court denies this request because it need not take judicial notice of the documents; they are already part of the files and records in the action."); *Williams v. State of California*, 2016 WL 4607738 at *2 (C.D. Cal. July 25, 2016) ("The Judicial Defendants filed a Request for Judicial Notice seeking judicial notice of plaintiff's Complaint and the Court's own Order. . . The Court denies their request as unnecessary because the Court need not take judicial notice of its own records."). The Court can consider these orders and pleadings without needing to take judicial notice of them.

The Defendants appear to believe that the Court is required to take judicial notice of every

single document cited in their pleadings. This is unnecessary and a misuse of judicial notice.

| Document Sought to be Noticed | Defendants Citing Requested Document |
|---|---|
| **Main Bankruptcy Proceeding Documents** | |
| **Claim No. 95:** Proof of Claim filed by Glove Assets | UL Defendants |
| **Dkt. No. 26:** Debtors' Emergency Motion for Entry of an order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers | UL Defendants |
| **Dkt No. 138:** Transcript of Proceedings Debtor's Emergency Motion to Approve Stipulation for Appointment of a Chapter 11 Trustee and Debtors Emergency Motion for Entry of an Order Authorizing Debtors to Honor Pre-Petition Obligations to Critical Vendors | Li |
| **Dkt. No. 294:** Final Order Granting Debtors' Emergency Motion for an Order Authorizing Debtors to Honor Pre-Petition Obligations to Customers as Modified by Agreement of the Trustee and Committee | UL Defendants |
| **Dkt. No. 381:** Chapter 11 Trustee's Emergency Motion for Interim and Final Orders Memorandum of Points and Authorities; Declaration of Jonathan D. King | UL Defendants |
| **Documents Previously Filed in this Adversary Proceeding** | |
| **Dkt. No. 1:** Adversary Complaint | Li and the UL Defendants |
| **Dkt. No. 1-4:** Schedule D | UL Defendants |
| **Dkt. No. 45-7:** Declaration of Brian Condon in Support of UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV Exhibit G | UL Defendants |
| **Dkt. No. 45-7:** Declaration of Brian Condon in Support of UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV at ¶¶ 7-8 | UL Defendants |
| **Dkt. No. 53-1:** Trustees Combined Opposition to Motions to Dismiss Adversary Complaint | UL Defendants |
| **Dkt. No. 62-2:** Declaration of Harprabdeep Sing | UL Defendants |
| **Dkt. No. 62-3:** Declaration of Daniel Chan | UL Defendants |
| **Dkt. No. 100:** Opposition to Trustee's Motion for Alternative Service on Defendants | Li |
| **Dkt. No. 101:** Request for Judicial Notice in Support of Opposition to Trustee's Motion for Alternative Service on Defendants | Li |
| **Dkt. No. 139:** Order on Motion for Alternative Service on Defendants Li Qi and Minsheng Financial Leasing Co., Ltd. Under Fed. R. Civ. P. 4(f)(3) | Li |
| **Dkt. No. 169:** Transcript of Hearing re Export Canada, Yuntian, Minsheng, and UL Defendants Motions to Dismiss July 22, 2020 | UL Defendants |
| **Dkt. No. 174:** Memorandum of Decision on UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, and | Li and the UL Defendants |

| | |
|---|---|
| XV of Adversary Complaint | |
| **Dkt. No. 175:** Memorandum of Decision on Yuntian 3 Motion to Dismiss Counts II, III, VI, VII, IX, X, XI, XII, and XV of Adversary Complaint | UL Defendants |
| **Dkt. No. 188:** Order on UL Defendants Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV of Adversary Complaint | UL Defendants |

For the avoidance of doubt, the Trustee in no way concedes that judicial notice of any of these documents would be proper even if they were not already on the docket in this Adversary Proceeding. But it is particularly silly for a party to seek judicial notice of documents that are already before the Court.

## CONCLUSION

For the foregoing reasons, the Trustee requests that the Court enter an order denying all Requests and instructing the Defendants to adequately identify the facts that they seek to judicially notice or, in the alternative, enter an order (1) denying all Requests identified in Section B; (2) denying all Requests in Section C, to the extent that the Requests seek judicial notice of disputed facts or conclusions and not simply the filing or existence of the document; (3) denying the Request for the list of correspondent banks in Section D; and (4) denying all Requests in Section E.

DATED: June 3, 2021  **DLA PIPER LLP (US)**

By: */s/ John K. Lyons*
　　DAVID B. FARKAS
　　JOHN K. LYONS (*Pro Hac Vice*)
　　JEFFREY S. TOROSIAN (*Pro Hac Vice*)
　　JOSEPH A. ROSELIUS (*Pro Hac Vice*)

Attorneys for the Chapter 7 Trustee

DLA PIPER LLP (US)
LOS ANGELES

13