DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3412
Fax: (310) 595-3312

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>ZETTA JET USA, INC., a California corporation,<br>Debtor. | Lead Case No.: 2:17-bk-21386-SK<br>Chapter 7<br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br>ZETTA JET PTE, LTD., a Singaporean corporation,<br>Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br>**OBJECTION AND MOTION TO STRIKE DECLARATION OF PETER FERRER IN SUPPORT OF LI QI'S MOTION TO DISMISS AND DECLARATION OF HARPRABDEEP SINGH** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br>Plaintiff,<br>v.<br>YUNTIAN 3 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 3 LEASING COMPANY LIMITED, YUNTIAN 4 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 4 LEASING COMPANY LIMITED, MINSHENG FINANCIAL LEASING CO., LTD., MINSHENG BUSINESS AVIATION LIMITED, EXPORT DEVELOPMENT CANADA, LI QI, UNIVERSAL LEADER INVESTMENT LIMITED, GLOVE ASSETS | Hearing<br>Date:  August 11, 2021<br>Time:  9:00 a.m. (PT)<br>Place:  Courtroom 1575<br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>[Relates to Adv. Docket Nos. 238, 239, 240] |

| | |
|---|---|
| 1 | INVESTMENT LIMITED, and TRULY GREAT GLOBAL LIMITED, |
| 2 | WELLS FARGO BANK NORTHWEST, N.A., in its capacity as trustee to Yuntian 3 Trust dated September 20, 2016 (formed and administered in Utah) and its capacity as trustee of Yuntian 4 Trust dated September 20, 2016 (formed and administered in Utah); TVPX ARS, INC., in its capacity as trustee to Zetta MSN 9688 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), Zetta MSN 9606 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), collectively Nominal Defendants, |
| | Defendants. |

Jonathan D. King, solely in his capacity as Chapter 7 Trustee (the "Trustee") of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd., the debtors (the "Debtors" or, collectively, "Zetta") in the above-captioned bankruptcy cases, hereby files this objection and motion to strike portions of the *Declaration of Peter Ferrer in Support of Li Qi's Motion to Dismiss* (the "Ferrer Declaration"), (Docket No. 239-2), and the *Declaration of Harprabdeep Singh* (the "Singh Declaration," collectively, the "Declarations"), (Dkt. No. 240 at 628), and respectfully states as follows:

Defendant Li Qi ("Li") submitted the Ferrer Declaration in support of Li's *Motion to Dismiss Counts I, II, VII, and IX of Amended Adversary Complaint for Lack of Personal Jurisdiction, Insufficient Service of Process and Failure to State a Claim*. (Dkt. No. 239.) Defendants Universal Leader Investment Limited, Glove Assets Investment Limited, and Truly Great Global Limited (the "UL Defendants") originally submitted the Singh Declaration in support of the UL Defendants' *Limited Reply in Support of Motion to Dismiss Counts I, II, IV, V, VII, XII, XIV, & XV of Adversary Complaint*. (Dkt. Nos. 62, 62-2.) Li and the UL Defendants (collectively, the "Defendants") subsequently requested judicial notice of the Singh Declaration in support of *Li Qi's Motion to Dismiss Counts I, II, VII, VIII, and IX of Amended Adversary Complaint and Defendants Universal Leader Investment Limited, Glove Assets Investment Limited, and Truly Great Global Limited's Motion to Dismiss Counts I, II, VI, VII, IX & X of Amended Adversary Complaint*. (Dkt. No. 240 at 628).

The Trustee objects to portions of the Ferrer Declaration and the entirety of the Singh

2

Declaration because they improperly invade the province of the Court by applying the law to the expert's understanding of the facts of the case and offering legal conclusions. "[T]he purpose of an expert witness in foreign law is to aid the court in determining the content of the applicable foreign law, *not to apply the law to the facts of the case*." 9A Wright & Miller, Fed. Prac. & Proc. § 2444 (3d ed.) (emphasis added). The Declarations submitted by Defendants go beyond the limited purpose of Federal Rule of Civil Procedure 44.1 by opining on ultimate conclusions that are only appropriate for the Court. They also fail to provide proper support for the declarants' statements.[1] The Trustee therefore respectfully moves this Court for an order striking portions of the Ferrer Declaration (specifically, Section 4, "Executive Summary"; Section 5, "Background"; Section 8, "Analysis"; and Section 9, "Conclusion") and striking the Singh Declaration entirely.

**I.     An expert's view of the application of foreign law to the facts of the case is inappropriate under Rule 44.1.**

Federal Rule of Civil Procedure 44.1 governs the process by which parties can prove the substance of the foreign law they invoke. Rule 44.1 provides that "[i]n determining foreign law the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence," and that "[t]he court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1.

"One common source that judges rely upon in determining foreign law are the affidavits of lawyers who practice law in the country at issue, or who are from the country at issue and are familiar with its laws." *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1052 (C.D. Cal. 2013), *aff'd*, 686 F. App'x 486 (9th Cir. 2017) (quoting *Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 534 (D. Del. 2009)). Thus, a court can properly consider a declaration's "statement of [foreign] law." *Id.*

Statements regarding the application of the law to the evidence, however, do "not assist the court in determining the content of applicable foreign law." *Id.* "[F]oreign law experts may not opine as to the ultimate application of foreign law to the facts of the case." *Krish v.*

---

[1] The Trustee does not concede that any statements made in the Declarations are an accurate or fair characterization of either the applicable law or the facts. The Trustee reserves all rights to challenge or rebut any and all statements made in the Declarations.

*Balasubramaniam*, 2006 WL 2884794, at *3 (E.D. Cal. Oct. 10, 2006) (sustaining objection "to any such impermissible legal opinions" regarding application of foreign law); *see also EduMoz*, 968 F. Supp. 2d at 1052 (disregarding "statement that the evidence suggests there was no provision for expenditures associated with the contract"); *L'Oreal USA, Inc. v. Spatz Labs.*, 2016 WL 8902582, at *4 n.4 (C.D. Cal. June 23, 2016) (sustaining "objections and disregard[ing] [foreign law expert's] statements regarding the outcome of [the] case under" foreign law).[2]

Similarly, the Court "need not accept the expert's opinions," particularly where they are unsupported by foreign legal authority, "and the ultimate determination of foreign law rests with the Court." *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 992 F. Supp. 2d 316, 321 (S.D.N.Y. 2014) (rejecting expert declaration that failed to explain Brazilian law and provided only an untranslated version of the relevant statute in Portuguese); *British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A.,* 2000 WL 713057, at *7 (S.D.N.Y. June 2, 2000) (finding expert testimony, unsupported by any case law, insufficient to determine content of foreign law); *Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1360-61 & n.11 (D. Del. 1993) (rejecting expert declaration on German law that contained "no authority on German law principles," only conclusions). Instead, "expert testimony ***accompanied by extracts from foreign legal materials*** has been and will likely continue to be the basic mode of proving foreign law." *Universe Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir.1999) (emphasis supplied). The Court would not accept a brief in which a party's lawyer simply declared what California law is with no support, and it should not accept a purported expert's declaration that simply declares what foreign law is with no support.

Although there are cases that have considered a foreign law expert's application of the facts to the law, *see, e.g.*, *Fabricant v. Elavon, Inc.*, 2021 WL 1593238, at *3 (C.D. Cal. Mar. 8, 2021),

---

[2] Courts around the country similarly preclude foreign law experts from opining on the application of foreign law to the facts of the case. *Gibson v. Credit Suisse AG*, 2010 WL 1904773, at *2 n.4 (D. Idaho May 11, 2010) (finding foreign law affidavit permissible "only to the extent of discussing [foreign] standards, not legal conclusions"); *HTC Corp. v. IPCOM GMBH & Co., KG*, 2009 WL 5908010, at *1 (D.D.C. Dec. 18, 2009) (not considering declaration on foreign law "to the extent he has attempted to identify relevant facts and discuss the outcomes of the case, or to the extent his opinions appear partial to [a party]"); *Minebea Co. v. Papst*, 444 F. Supp. 2d 68, 182 (D.D.C. 2006) ("The purpose of expert testimony such as that of Dr. Ann is to aid the court in determining the content of the applicable foreign law—not to apply it to the facts of the case."); *Labyda v. Schmidt,* 2005 WL 2290247, at *6-7 (N.D. Ill. Sept. 19, 2005) (same).

those opinions are contrary to Rule 44.1's purpose, as stated above, of assisting the Court in determining the content of the foreign laws, not the application of the law to the facts. Here, the Court is fully capable of applying the foreign law to the facts and evidence before it. The Declarations' attempts to offer ultimate conclusions do nothing to assist the Court.

### A. The Ferrer Declaration offers improper conclusions and factual analysis.

The Ferrer Declaration is riddled with unsupported conclusions and the expert's views of how the law should apply to the facts of the case. The executive summary should be stricken in its entirety as it offers nothing more than the purported expert's opinions on how the Court should rule on the merits, rather than the law of the British Virgin Islands ("BVI"). (*See generally* Ferrer Declaration at ¶¶ 4.1-4.2.) It inappropriately opines on whether Li would be liable as an alter ego under BVI law, (*id.* at ¶ 4.1), and under a veil-piercing theory, (*id.* at ¶ 4.2).

Similarly, the purported expert's views of which facts are relevant contained in the Ferrer Declaration's "Background" section should be disregarded. (*See generally id.* at ¶¶ 5.1-5.13.) The limited selection of facts submitted within the Ferrer Declaration, and the expert's characterizations of those facts as the relevant facts for the analysis, is improper. The Court does not need a declaration from a foreign law expert under Rule 44.1 to determine which facts are relevant.

Moreover, the "Analysis" section of the Ferrer Declaration is simply the expert's views of how he believes the laws should be applied to the facts in this case. (*Id.* at ¶¶ 8.1-8.10.) The Declaration makes claims that Defendant would be immunized, (*id.* at ¶ 8.2), that Defendant's conduct is not "an abuse of the corporate form," (*id.* at ¶ 8.7), that "the concealment principle does not apply," (*id.* at 8.10), and many other inappropriate claims. The declaration is not explaining BVI law to the Court. It is telling the Court how it should apply the law to the facts and what conclusions the Court should then reach.

Finally, the Ferrer Declaration concludes by stating that, in the expert's view, Defendant cannot be personally liable as an alter ego or through piercing the corporate veil. (*Id.* at ¶ 9.1.) The Declaration's conclusion improperly tells the Court the legal conclusions it should reach. As stated in *EduMoz*, such application of the law to the facts should be disregarded.

5

### B. The Singh Declaration provides only unsupported conclusions and factual analysis.

The Singh Declaration is even worse, because it has no support whatsoever for its conclusions. The declarant states that he was asked to opine on whether the debt obligation "could be recharacterized by a Hong Kong court as an equity investment or an equity interest," and then says the answer is no. (Singh Declaration at 2.) This is a question that this Court should answer, not the UL Defendants' purported expert. Even worse, he provides no support whatsoever for his conclusion, let alone any explanation of Hong Kong law on the topic. The purpose of a foreign law declaration under Rule 44.1 is to provide the Court with an explanation of the law so the Court can then apply the law to the facts of this case.

Likewise, the declarant's opinion that "a financing made pursuant to [the] Confirmatory Deed of Loan would be treated . . . as a debt obligation" and not "recharacterized as an equity investment" is improper and unhelpful. (*Id.* at 3.) Although the opinion was based on a review of the loan document, such analysis is to be done by the Court, not the UL Defendants' purported expert. Again, the declarant's opinion does not inform the Court about Hong Kong law. Instead, it simply tells the Court what conclusion to reach.

In fact, the Singh Declaration contains *no references to legal authority of any kind* that would potentially aid the Court in its understanding of foreign law; it *only* contains conclusory statements of the declarant's belief. (*See generally* Singh Declaration.) There is not a single citation to a decision in a Hong Kong court. (*See generally id.*) There is not a single citation to a Hong Kong law or statute. (*Id.*) The Singh Declaration does not cite to any treatise, practice manual, or any other legal writing. (*Id.*) It does not provide any legal support whatsoever.

Instead, the Singh Declaration provides only the beliefs of the declarant. The declarant states that he is "not aware of any published or otherwise pubically-available [*sic*] decision in which a Hong Kong court has recharacterized what purported on its face to be a loan . . . as an equity investment[.] (*Id.* at 3.) However, the Singh Declaration also does not cite to any decisions refusing to recharacterize a debt obligation. Nor does it cite a single decision analyzing a written loan agreement. The Singh Declaration is tied together with a thread of beliefs and conclusory statements, not the support and cited authorities that could potentially be helpful to the Court.

Simply put, the Singh Declaration are unsupported by any authority and amount to nothing more than the belief of the declarant. Without support, the Court has no way to determine whether the declarant's beliefs are even reasonable, let alone accurate explanations of Hong Kong law. The Singh Declaration should be excluded because it does not provide any guidance for the Court's analysis of Hong Kong law. As in *EduMoz*, the Court should disregard the Singh Declaration's interpretation of the evidence, particularly because that interpretation is not based on any supporting legal authority.

**II.    The Declarations should be stricken.**

The Declarations submitted by Defendants are objectionable and should be stricken. The Declarations are not limited to stating what BVI or Honk Kong law *is*, and instead *apply* the law to the purported experts' version of the facts to direct the Court how to decide the merits of the case. The Court is responsible for, and fully capable of, applying the law to the facts. The Declarations are improper attempts to undermine the Court's role, and thus should be stricken. The role of a foreign law expert under Federal Rule of Civil Procedure 44.1 is merely to help the Court identify what the foreign law provides, not to tell the Court how it should apply the law to the facts of the case. Accordingly, the Trustee asks that this Court strike and/or disregard all statements in the Ferrer Declaration that apply the law to the facts of the case, including the Executive Summary, Background, Analysis, and Conclusion sections. The Trustee further asks that this Court strike and/or disregard the entirety of the Singh Declaration because it offers improper legal conclusions and analysis of evidence without providing any basis for the conclusory statements.

DATED: June 3, 2021                     **DLA PIPER LLP (US)**

By: */s/ John K. Lyons*
    DAVID B. FARKAS
    JOHN K. LYONS (*Pro Hac Vice*)
    JEFFREY S. TOROSIAN (*Pro Hac Vice*)
    JOSEPH A. ROSELIUS (*Pro Hac Vice*)

Attorneys for the Chapter 7 Trustee