DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3412
Fax: (310) 595-3312

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>    Debtor. | Lead Case No.: 2:17-bk-21386-SK<br><br>Chapter 7<br><br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>    Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br><br>**OBJECTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF PETER FERRER IN SUPPORT OF DEFENDANT LI QI'S OPPOSITION TO TRUSTEE'S MOTION FOR JURISDICTIONAL DISCOVERY** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.<br><br>    Plaintiff,<br><br>v.<br><br>YUNTIAN 3 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 3 LEASING COMPANY LIMITED, YUNTIAN 4 LEASING COMPANY DESIGNATED ACTIVITY COMPANY f/k/a YUNTIAN 4 LEASING COMPANY LIMITED, MINSHENG FINANCIAL LEASING CO., LTD., MINSHENG BUSINESS AVIATION LIMITED, EXPORT DEVELOPMENT CANADA, LI QI, UNIVERSAL LEADER INVESTMENT LIMITED, GLOVE ASSETS INVESTMENT LIMITED, and TRULY | Hearing<br>Date:    July 14, 2021<br>Time:    9:00 a.m. (PT)<br>Place:   Courtroom 1575<br>          255 East Temple Street<br>          Los Angeles, CA 90012<br><br>[Relates to Adv. Docket No. 274] |

DLA Piper LLP (US)
Los Angeles

1

| | |
|---|---|
| 1 | GREAT GLOBAL LIMITED, |
| 2 | WELLS FARGO BANK NORTHWEST, N.A., in its capacity as trustee to Yuntian 3 Trust dated September 20, 2016 (formed and administered in Utah) and its capacity as trustee of Yuntian 4 Trust dated September 20, 2016 (formed and administered in Utah); TVPX ARS, INC., in its capacity as trustee to Zetta MSN 9688 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), Zetta MSN 9606 Statutory Trust dated September 20, 2016 (formed as Wyoming statutory trust), collectively Nominal Defendants, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants. |

Jonathan D. King, solely in his capacity as Chapter 7 Trustee (the "Trustee") of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd., the debtors (the "Debtors" or, collectively, "Zetta") in the above-captioned bankruptcy cases, hereby files this objection and motion to strike portions of the *Supplemental Declaration of Peter Ferrer in Support of Defendant Li Qi's Opposition to Trustee's Motion for Jurisdictional Discovery* (the "Ferrer Supplemental Declaration"). (Dkt. No. 274-3.) Defendant Li Qi ("Li") submitted the Ferrer Supplemental Declaration in support of Li's *Opposition to Trustee's Motion for Jurisdictional Discovery*. (Dkt. No. 274.)

The Trustee objects to portions of the Ferrer Supplemental Declaration because they improperly invade the province of the Court by applying the law to the expert's understanding of the facts of the case and offering legal conclusions. "[T]he purpose of an expert witness in foreign law is to aid the court in determining the content of the applicable foreign law, *not to apply the law to the facts of the case*." 9A Wright & Miller, Fed. Prac. & Proc. § 2444 (3d ed.) (emphasis added). The Ferrer Supplemental Declaration submitted by Li goes beyond the limited purpose of Federal Rule of Civil Procedure 44.1 by opining on the application of the law to the facts, which is the province of this Court, not a foreign expert.[1] Ferrer also purports to opine on what is usual or unusual for all BVI companies to do, which is plainly inappropriate. The Trustee therefore respectfully moves this Court for an order striking portions of the Ferrer Supplemental Declaration

---

[1] The Trustee does not concede that any statement made in the Ferrer Supplemental Declaration is an accurate or fair characterization of either the applicable law or the facts. The Trustee reserves all rights to challenge or rebut any and all statements made in the Ferrer Supplemental Declaration.

(specifically, paragraphs 2.3, 3.11-3.17, 4.2-4.3, and 5.1).

### I. An expert's view of the application of foreign law to the facts of the case is inappropriate under Rule 44.1.

Federal Rule of Civil Procedure 44.1 governs the process by which parties can prove the substance of the foreign law they invoke. Rule 44.1 provides that "[i]n determining foreign law the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence," and that "[t]he court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1.

"One common source that judges rely upon in determining foreign law are the affidavits of lawyers who practice law in the country at issue, or who are from the country at issue and are familiar with its laws." *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1052 (C.D. Cal. 2013), *aff'd*, 686 F. App'x 486 (9th Cir. 2017) (quoting *Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 534 (D. Del. 2009)). Thus, a court can properly consider a declaration's "statement of [foreign] law." *Id.*

Statements regarding the application of the law to the evidence, however, do "not assist the court in determining the content of applicable foreign law." *Id.* "[F]oreign law experts may not opine as to the ultimate application of foreign law to the facts of the case." *Krish v. Balasubramaniam*, 2006 WL 2884794, at *3 (E.D. Cal. Oct. 10, 2006) (sustaining objection "to any such impermissible legal opinions" regarding application of foreign law); *see also EduMoz*, 968 F. Supp. 2d at 1052 (disregarding "statement that the evidence suggests there was no provision for expenditures associated with the contract"); *L'Oreal USA, Inc. v. Spatz Lab'ys.*, 2016 WL 8902582, at *4 n.4 (C.D. Cal. June 23, 2016) (sustaining "objections and disregard[ing] [foreign law expert's] statements regarding the outcome of [the] case under" foreign law).[2] Similarly, the

---

[2] Courts around the country similarly preclude foreign law experts from opining on the application of foreign law to the facts of the case. *Gibson v. Credit Suisse AG*, 2010 WL 1904773, at *2 n.4 (D. Idaho May 11, 2010) (finding foreign law affidavit permissible "only to the extent of discussing [foreign] standards, not legal conclusions"); *HTC Corp. v. IPCOM GMBH & Co., KG*, 2009 WL 5908010, at *1 (D.D.C. Dec. 18, 2009) (not considering declaration on foreign law "to the extent he has attempted to identify relevant facts and discuss the outcomes of the case, or to the extent his opinions appear partial to [a party]"); *Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 182 (D.D.C. 2006) ("The purpose of expert testimony such as that of Dr. Ann is to aid the court in determining the content of the applicable foreign law—not to apply it to the facts of the case."); *Labuda v. Schmidt,* 2005 WL 2290247, at *6-7 (N.D. Ill. Sept. 19, 2005) (same).

Court "need not accept the expert's opinions, and the ultimate determination of foreign law rests with the Court." *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 992 F. Supp. 2d 316, 321 (S.D.N.Y. 2014).

Although there are cases that have considered a foreign law expert's application of the facts to the law, *see, e.g.*, *Fabricant v. Elavon, Inc.*, 2021 WL 1593238, at *3 (C.D. Cal. Mar. 8, 2021), those opinions are contrary to Rule 44.1's purpose, as stated above, of assisting the Court in determining the content of the foreign laws, not the application of the law to the facts. Here, the Court is fully capable of applying the foreign law to the facts and evidence before it. The Ferrer Supplemental Declaration's attempts to analyze the facts of the case and offer ultimate conclusions do nothing to assist the Court.

### A. The Ferrer Supplemental Declaration offers improper conclusions and factual analysis.

The Ferrer Supplemental Declaration is riddled with unsupported conclusions and the expert's views of how the law should apply to the facts of the case. Several paragraphs improperly discuss the facts of the case and purport to apply BVI law to the facts. Those paragraphs should be stricken and/or disregarded. For example, the Ferrer Supplemental Declaration claims that "the Amended complaint does not allege facts supporting that Mr. Li is liable for the alleged transfers under *Trustor* and *Grencor*." (Dkt. No. 274-3, ¶ 3.11.) It also claims that "using an agency or nominee theory to hold Mr. Li liable . . . would require the Court to engage in circular reasoning," (*Id.* ¶ 3.12.), and that a failure to maintain proper records "does not lead to the conclusion that the corporate structure was being used as an agent," (*Id.* ¶ 3.17.) The Ferrer Supplemental Declaration similarly opines that "[t]he Amended Complaint does not assert a Singaporean law claim (nor any other claim) for breach of fiduciary duty" and that BVI law would not allow the Court to pierce the corporate veil with regards to Li. (*Id.* ¶¶ 4.2-4.3.) The Conclusion also improperly states an opinion on the ultimate issue of whether Li can be found liable. (*Id.* ¶ 5.1.) Any statement offering ultimate conclusions or applying the law to the facts of this case is inappropriate. It is the Court's, not the purported expert's, role to apply the law to the facts and determine whether that application supports a certain theory. While it may be appropriate to opine on what the law from foreign cases *says*, it

is not appropriate to opine on how that law *applies*.

Similarly, the purported expert's views of which facts are relevant should be disregarded. (*See id.* at ¶¶ 3.13-3.16.) It is inappropriate for the Ferrer Supplemental Declaration to tell the Court "what evidence is relevant to determine agency or nominee liability," (*Id.* ¶ 3.13), what "factors . . . are not relevant to determining whether Mr. Li is liable," (*Id.* ¶ 3.15), or what "topics of discovery" are helpful or relevant, (*Id.* ¶ 3.16). The Ferrer Supplemental Declaration's statements in the Conclusion are similarly inappropriate because they attempt to dictate to the Court what facts and factors it should find are relevant or would support liability. (*Id.* ¶ 5.1.)

A foreign law declaration may properly inform the Court of what the law in a foreign jurisdiction is, but it may not dictate what facts the Court is allowed to analyze when it applies the law. Here, the declaration is not explaining BVI law to the Court. It is telling the Court which facts it may analyze, how it should apply the law to those facts, and what conclusions the Court should then reach. The purported expert's opinions and characterization of the facts in this case is not helpful. The Court does not need a declaration from a foreign law expert under Rule 44.1 to determine which facts are relevant or how the law is then applied to the facts. As stated in *EduMoz*, such interpretation of the facts and application of the law to the facts should be disregarded. 968 F. Supp. 2d at 1052.

### B. The Ferrer Supplemental Declaration improperly seeks to provide factual evidence about common corporate practices of BVI companies.

Perhaps most egregious, Ferrer seeks to opine on whether it is "unusual for BVI companies to have a sole shareholder and a sole director." (*Id.* ¶ 3.17.) Ferrer also seeks to opine that it is "not uncommon that BVI companies do not have bank accounts." (*Id.*) Ferrer also seeks to opine that the "majority of BVI companies are pure equity holding companies which have neither bank accounts nor employees and are not used for any other purpose than to hold assets such as shares in operating companies located onshore or physical assets like property." (*Id.*) Ferrer apparently (without any support whatsoever) believes that he can tell this Court about the internal structures and practices of all—or at least a "majority"—BVI companies. (*Id.*) This is entirely inappropriate. Ferrer provides no support for his overbroad conclusions about all BVI companies.

Even if Ferrer had provided a proper basis for his conclusory statements, his declaration is improper because it goes beyond the "substance of [foreign] law" and "seeks to resolve questions of fact" about how BVI companies are organized, which is "beyond the permissible ambits of Rule 44.1." *Labuda*, at *6-7 (rejecting foreign law expert report that sought to opine on factual issues); *Lithuanian Com. Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 245, 264 (D.N.J. 1997), *vacated in part on other grounds*, 179 F.R.D. 450 (D.N.J. 1998) ("use of an expert report to assist the court in its determination of foreign law is entirely different from use of an expert report . . . to aid the jury in determining facts"); 9 Moore's Federal Practice – Civil § 44.1.04[2][b] (2021) ("Expert affidavits or other testimony must be confined to substantive provisions of foreign law, and must not attempt to persuade the court as to the facts of the case.").

## II.    The Ferrer Supplemental Declaration should be stricken.

The Ferrer Supplemental Declaration submitted by Li is objectionable and should be stricken. The Ferrer Supplemental Declaration is not limited to stating what BVI law *is*, and instead *applies* the law to the purported experts' version of the facts to direct the Court how to decide the merits of the case. The Court is responsible for, and fully capable of, determining the relevant facts and applying the law to those facts. The Ferrer Supplemental Declaration is an improper attempt to undermine the Court's role. The role of a foreign law expert under Federal Rule of Civil Procedure 44.1 is merely to help the Court identify what the foreign law provides, not to tell the Court how it should apply the law to the facts of the case. Accordingly, the Trustee asks that this Court strike and/or disregard all statements in the Ferrer Supplemental Declaration that purport to provide or determine the relevant facts or apply the law to the facts of the case, including paragraphs 2.3, 3.11-3.17, 4.2-4.3, and 5.1.

DATED: June 23, 2021

**DLA PIPER LLP (US)**

By: */s/ John K. Lyons*
    DAVID B. FARKAS
    JOHN K. LYONS (*Pro Hac Vice*)
    JEFFREY S. TOROSIAN (*Pro Hac Vice*)
    JOSEPH A. ROSELIUS (*Pro Hac Vice*)

Attorneys for the Chapter 7 Trustee

DLA Piper LLP (US)
Los Angeles