DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3412
Fax: (310) 595-3312

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosia@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>　　　Debtor. | Lead Case No.: 2:17-bk-21386-SK<br>Chapter 7<br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK |
| In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>　　　Debtor. | Adv. Proc. No. 2:19-ap-01383-SK<br><br>**TRUSTEE'S REPLY IN SUPPORT OF OBJECTION AND MOTION TO STRIKE DECLARATIONS OF PETER FERRER AND HARPRABDEEP SINGH** |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.,<br><br>　　　Plaintiff,<br><br>v.<br><br>YUNTIAN 3 LEASING CO. DESIGNATED ACTIVITY CO. f/k/a YUNTIAN 3 LEASING CO. LTD., *et al.*,<br><br>　　　Defendants. | [Relates to Docket Nos. 239-2, 240, 261, 274-3, 281, 285, 294]<br><br>Next Hearing:<br>Date: August 11, 2021<br>Time: 9:00 a.m. (PDT)<br>Place: Courtroom 1575<br>　　　255 East Temple Street<br>　　　Los Angeles, CA 90012 |

The Defendants submit a scattering of arguments in response to the Trustee's motion to strike the expert declarations of Peter Ferrer and Harprabdeep Singh. [*See* Dkt. 294 ("Opp.").] None has merit, the Trustee's motion should be granted, and the declarations should be stricken or disregarded.[1]

## ARGUMENT

### I. Foreign law experts may not apply the law to the facts of the case, but the Trustee has provided a reasoned basis to reject the expert's conclusions regardless.

This Court should disregard the application of law to the facts of the case in the declarations submitted under Fed. R. Civ. P. 44.1. "[E]vidence from foreign law experts submitted pursuant to Rule 44.1 is admissible only to aid a court's understanding of foreign law; foreign law experts may not opine as to the ultimate application of the foreign law to the facts of the case." *Krish v. Balasubramaniam*, 2006 WL 2884794, at *3 (E.D. Cal. Oct. 10, 2006); *see also EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1052 (C.D. Cal. 2013) (disregarding as improper an expert declaration's application of the law to the facts), *aff'd*, 686 F. App'x 486 (9th Cir. 2017); *Est. of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232, 240 (D.D.C. 2012) ("expert testimony [under 44.1] is intended to aid the court in determining the content of the law, not in applying that law to the facts of the case"); *Nineveh Invs. Ltd. v. United States*, 2019 WL 3816834, at *5 (E.D. Pa. Aug. 14, 2019) ("For purposes of the Rule 44.1 analysis, the relevant part of the experts' evidence is the law upon which the experts rely, not their ultimate legal conclusions.").

The cases cited by the Defendants are inapposite. The only Ninth Circuit case involved an unrebutted declaration. *Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036 (9th Cir. 1999). In that case, the Ninth Circuit noted that "[a]lthough [the plaintiff] had numerous opportunities to present evidence that would rebut this portion of [the defendant expert's] declaration regarding Japanese law, [the plaintiff] introduced nothing." *Id.* at 1038-39. Here, by contrast, the Trustee has

---

[1] The Trustee recognizes that the Court has suspended briefing on the Trustee's Objection and Motion to Strike Supplemental Declaration of Peter Ferrer in Support of Li Qi's Opposition to Trustee's Motion for Jurisdictional Discovery. [*See* Dkt. 300.] Because the Defendants' Opposition [Dkt. 294] addressed both that motion and the Trustee's Objection and Motion to Strike [1] Declaration of Peter Ferrer in Support of Li Qi's Motion to Dismiss and [2] Declaration of Harprabdeep Singh [Dkt. 261], some of the argument in this brief regarding those declarations may overlap with argument on the Supplemental Ferrer Declaration. The Trustee does not submit this brief on the Supplemental Ferrer Declaration, but reserves all rights to raise these arguments if the Court later considers that motion, at the hearing on August 11, 2021 or otherwise.

submitted expert declarations on both BVI and English law.[2]

At the very least, if this Court were to consider an expert's application of the law to the facts, it must credit the Trustee's expert's same application over the Defendants' at this stage. *See, e.g.*, *Chin-Teh Hsu v. New Mighty U.S. Tr.*, 2020 WL 588322, at *6 (D.D.C. Feb. 6, 2020) ("As a threshold matter, this disagreement over the proper interpretation of Taiwanese law is not one that can be resolved at this early stage of litigation, when Plaintiffs have provided plausible expert testimony to the contrary.").

## II. The Ferrer Declaration does not rely on legislative facts, even under the case law relied upon by the Defendants.

The Defendants assert that Ferrer properly relied only upon "legislative facts" in providing his declarations. (Opp. at 6-9.) This is incorrect for at least two reasons.

First, the authorities the Defendants rely upon do not support their argument. Rather, they support the Trustee's argument that the Ferrer Declaration seeks to introduce impermissible factual evidence. In each of those cases, the legislative facts involved source materials such as deeds, statutes, or treatises and published articles. That is not what the Ferrer Declaration seeks to invoke.

*Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966), concerned an appeal from a Nevada state action excluding an individual from gaming establishments without a contested hearing. It did not concern whether a court could take notice of legislative facts. The portion cited by the Defendants concerned only the due process required when an administrative tribunal (not a judicial court) relied upon adjudicative facts (as contrasted to legislative facts).

*Redmond v. United States*, 2021 WL 1156845 (C.D. Cal. Feb. 16, 2021), is a criminal case involving a district court that took notice of the fact that a federal prison was under federal jurisdiction. That case described legislative facts as "involving consideration of source materials (such as deeds, statutes, and treaties)" and held that "whether a particular plot of land falls within the special maritime and territorial jurisdiction of the United States is a 'legislative fact' that may

---

[2] As discussed below, the Defendants failed to submit a proper declaration on Hong Kong law, and the Supplemental Singh Declaration submitted with their reply brief [Dtk. 281-2] cannot be considered under LBR 9013-1(g)(4), as set forth in the Trustee's objection filed contemporaneously with this reply. For similar reasons, the Defendants' Opinion of John A. Kimbell (the "Kimbell Decl.") on English law submitted with their reply brief [Dkt. 281-3] likewise cannot be considered under LBR 9013-1(g)(4). Both declarations also improperly seek to apply the law to the facts of this case, and thus should be stricken or disregarded on that basis as well. [Dkt. 281-2 at 5; Dkt. 281-3 ¶¶ 33-37.]

be judicially noticed." *Id.* at *5. The Defendants, of course, omitted the definition used by the court in *Redmond*. That standard precludes considering Ferrer's unsupported description of BVI business practices as legislative facts subject to judicial notice.

*Castillo-Villagra v. INS*, 972 F.2d 1017 (9th Cir. 1992), is an immigration case that concerned judicial notice of facts by immigration judges in administrative immigration proceeding. The Defendants offer this case for the proposition that the Court can take judicial notice of legislative facts without the strictures of Fed. R. Evid. 201 or other rules of evidence, but *Castillo-Villagra* says precisely the opposite of that. In *Castillo-Villagra*, the Ninth Circuit held that the rules for taking judicial notice of facts was more relaxed only in immigration proceedings, and only as a rule of convenience, because immigration judges are constantly dealing with substantially similar sets of facts concerning foreign country conditions, specifically there the election of a foreign president and the results of a foreign election. *Id.* at 1027-29. By contrast, the Ninth Circuit noted that the rules for taking judicial notice remained "quite restricted" for judicial proceedings and described the prospect of unregulated notice of legislative facts as "dangerous." *Id.* at 1026.

Finally, the last two cases that the Defendants rely upon, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), and *King v. Burwell*, 576 U.S. 473 (2015), do not even mention the phrase legislative facts. In these cases, the Supreme Court was not resolving a factual or legal dispute, but citing published social science and law journal articles submitted by amicus in consideration of the policy consequences concerning the selection of one rule of law over another. This authority is inapplicable here, as the "facts" alleged by the Defendants are central to the elements of claims for relief. Ferrer seeks to introduce purported "facts" about how the "majority" of BVI companies are organized to support Ferrer's (and the Defendants') argument that Li's organization of the other Defendants was proper and thus not subject to veil-piercing or other theories of liability. [*See, e.g.*, Dkt. 274-3 ¶¶ 3.16-17.] Further, the Defendants seek to have the Court take judicial notice of the declarations, presumably including the factual material contained within them. [*See* Dkt. 240.] That is a far cry from the Supreme Court making a policy argument based on published journal articles.

Second, none of the facts in the Ferrer Declaration are these types of purported legislative facts. None of the purported facts at issue in the Ferrer Declaration come from deeds, statutes,

treatises, or secondary sources such as published articles in legal or social science journals.[3]

The Defendants' arguments on this point are without merit. The Court should strike or disregard the improper factual assertions in the Ferrer Declaration.

**III.    This Court should disregard the irrelevant Singh Declaration on a Motion to Dismiss.**

The Singh Declaration failed to provide any explanation of Hong Kong law, instead simply asserting on Singh's *ipse dixit* that the agreements at issue could not be recharacterized. [*See* Dkt. 261 at 6-7; Singh Decl. at 2-3.] The Defendants concede that Singh cited nothing to support his claims. They make two arguments in response, but neither has merit.

First, the Defendants argue that Singh cannot be asked to "prove a negative." (Opp. at 9-10.) The Singh Declaration does not prove *anything*. It simply states that he is a Hong Kong lawyer and he is not aware of any contrary authority. The Defendants trumpet his "extensive knowledge" (without citing any support) and his "specific search for authority" (without saying what sources he searched, how he searched them, how long he searched for, or when the search took place). This is not an expert declaration. It contains no "extracts from foreign legal materials" that is the "basic mode of proving foreign law." *See Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999). In similar circumstances, the Fifth Circuit affirmed the rejection of a foreign law declaration because it "consisted only of a declaration by a [foreign] attorney . . . describing his interpretation of [foreign] law" but "provided no verifiable information" supporting his conclusions. *In re Avantel, S.A.*, 343 F.3d 311, 322 (5th Cir. 2003).

Second, recognizing their failures in the initial Singh Declaration, the Defendants sought to fix those failures by submitting the Supplemental Singh Declaration in support of their Reply. [Dkt. 281.] This new matter is raised for the first time in a reply document and thus cannot be considered on their motion. LBR 9013-1(g)(4). Allowing the Defendants to put in a new declaration—that

---

[3] The Ferrer Supplemental Declaration's factual statements are both unsupported and illogical. In the Ferrer Declaration, he avers that some 800,000 companies are incorporated in the BVI. [Dkt. 239-2 ¶ 6.1.] In the Ferrer Supplemental Declaration, he purports to know the business practices of the majority of those 800,000 companies—he asserts that the majority of them have a sole shareholder, a sole director, no bank accounts, no employees, and are not used for any purpose other than as holding companies. [Dkt. 274-3 ¶ 3.17.] He provides no support for this incredibly broad assertion—no studies, no secondary sources, no journal articles, no precise statistics (as in *Exxon* and *King v. Burwell*). His only support for his knowledge of the practices of at least 400,000 companies is that he is a lawyer who practices in the BVI. (Opp. at 8 (citing Dkt. 239-2 ¶ 2.4).) That is patently ridiculous.

does not and cannot cure the defects of the original declaration against which the motion to strike was filed—results only in unfair surprise and duplication of proceedings.

Finally, the Singh Declaration fails to provide any basis on which Hong Kong law is different from US law. Thus, even if it is considered, it remains irrelevant, particularly here on a motion to dismiss, where all inferences must be drawn in favor of the Trustee.

### IV. The Court may strike or otherwise disregard improper opinions and LBR 9013-1(i)(2) does not apply to legal declarations.

The Defendants concede that "courts have entertained motions to strike declarations[.]" (Opp. at 11.) The Defendants argue that those opinions are not consistent with Ninth Circuit law. But the only Ninth Circuit appellate case that the Defendants cite for this proposition has nothing to do with declarations at all, let alone expert declarations under Rule 44.1. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (considering motion to strike a motion for reconsideration). Courts in this district routinely consider material in declarations under Fed. R. Civ. P. 12(f). *See, e.g.*, *Whatley-Bonner v. Pac. Telesis Grp. Comprehensive Disability Benefit Plan*, 2011 WL 6056997, at *3 (C.D. Cal. Dec. 2, 2011) (striking exhibits to declaration under Rule 12(f)), *aff'd sub nom. Whatley-Bonner v. Pac. Telesis Grp. Comprehensive Disability Ben. Plan*, 542 F. App'x 620 (9th Cir. 2013). Nor does LBR 9013-1(i) apply here. (Opp. at 11-12.) That rule applies only to "[f]actual contentions," not *legal* declarations of a foreign law expert. *See* LBR 9013-1(i).[4]

But any focus on these technicalities is beside the point. Courts in the Ninth Circuit "may strike material outside the pleadings pursuant to its inherent power to control its docket" despite any supposed limitations of Rule 12(f). *Emmert Indus. Corp. v. Copeland Equip. Parts, Inc.*, 2009 WL 2447550, at *2 (D. Or. Aug. 7, 2009). Even more, Ninth Circuit courts must simply disregard improper expert opinions under Rule 44.1. *See Krish*, 2006 WL 2884794, at *3; *EduMoz*, 968 F. Supp. 2d at 1052. In fact, the Defendants concede that even in the Ninth Circuit "courts will construe a document entitled 'motion to strike' 'as an invitation by the movant to consider whether

---

[4] Although LBR 9013-1(i) does not apply to the declarations at issue here, out of an abundance of caution the Trustee also submits contemporaneously with this reply brief an objection to the Supplemental Singh Declaration [Dkt. 281-2] and the Kimbell Declaration [Dkt. 281-3].

[the proffered material] may properly be relied upon.'" (Opp. at 11 n.4 (citing cases in the Ninth Circuit).) The practical effect will be the same either way: the Court will not consider the improper contents of the expert declaration in its opinion.

**V.   The Trustee was required to provide similar expert applications of the law to the facts, and if this Court were to allow such applications it should credit the Trustee's declarations over the Defendant's at this stage.**

The Defendants complain that the Trustee's Rule 44.1 declarations also apply the law to the facts. But they miss the point that the Trustee provided these declarations after the Defendants submitted their own improper declarations. The Trustee is not required to tie his hands and risk that the Court will permit the Defendants' improper declarations. But the Defendants are incorrect that that if this Court were to find that an expert's application of the law to the facts may be considered that this Court should treat the Trustee's and the Defendants' declarations equally. At this early stage, the Court should defer any definitive rulings because the Trustee's expert has provided a plausible rebuttal to the Defendants' expert. *See Chin-Teh Hsu*, 2020 WL 588322, at *6.

## CONCLUSION

For the reasons set forth in the Motion and above, the Trustee requests that the Court grant the Motion and strike or disregard all statements in the Ferrer Declaration that apply the law to the facts of the case, including the Executive Summary, Background, Analysis, and Conclusion sections, and strike or disregard the entirety of the Singh Declaration.

Respectfully submitted,

DATED: August 4, 2021 **DLA PIPER LLP (US)**

By:   /s/ *John K. Lyons*
DAVID B. FARKAS (SBN 257137)
JOHN K. LYONS (*Pro Hac Vice*)
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
JOSEPH A. ROSELIUS (*Pro Hac Vice*)

*Attorneys for the Chapter 7 Trustee*

DLA PIPER LLP (US)
LOS ANGELES

6